[No. 4831.]

## CHARLES G. HIDDEN AND J. D. LORD v. W. G. DAVISSON.

TAKING LAND FOR HIGHWAY. — In taking land for a public highway, the person who holds the legal title is the only necessary party and the only one whose damages are to be assessed. The person who has an equitable title only is not a necessary party.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

The facts in relation to the contest between Hidden and Jordan about the land are fully stated in *Hidden* v. *Jordan*, 21 Cal. 92, and in *Hidden* v. *Jordan*, 32 Cal. 397. After the remittitur went down upon the reversal of the judgment in the 32 Cal., the decree was modified so as to adjudge the amount due from Hidden to Jordan to be fifteen thousand four hundred and fifty-eight dollars and four cents. Hidden paid the money and Jordan conveyed to him the legal title in 1872, and on the 10th day of June Hidden was placed in possession. In the year 1862 a road was laid out, a part of which passed across the land. Jordan was made a pary to the proceedings laying out the road, and waived damages. Hidden was not made a party. After June 10, 1872, Hidden conveyed the legal title to plaintiff Lord, as security for money borrowed from Lord. In December, 1874, Hidden built a fence across the road under a claim that the proceedings laying out the same were illegal, as he was not made a party. Davisson was road overseer, and tore down the fence. Thereupon this suit was commenced to enjoin Davisson from keeping the road open. The court below rendered judgment for the plaintiff, and the defendant appealed.

*J. F. Wendell*, for the Appellant.

The party in possession of land claiming title is entitled to the compensation, if it is taken for a highway or the public use. (*Gunter* v. *Geary*, 1 Cal. 462; 1 Metc. 439; 10 Pick. 161; 21 Pick. 258.)

*Rooney* v. *Sacramento R. R. Co.* (6 Cal. 638), goes no further than to decide that if the true owner recovers possession before the damages are paid, he is entitled to them.

A right of way thus acquired might injure the land, in which case the true owner, recovering possession, might also recover damages therefor against the party in possession who suffered it; but this would not invalidate the right of way.

*M. A. Wheaton and Geo. A. Lamont,* for the Respondent.

The public coming into possession under Jordan, either as his donee, grantee, or licensee, could obtain no greater rights from him than he could convey—no greater than he had.

What rights Jordan had were determined in the action of *Hidden* v. *Jordan*, and are now *res adjudicata.*

The public received the possession from Jordan while that suit was pending, and a *lis pendens* having been filed, took with full legal notice of the suit, and is bound by its results, and cannot dispute that Hidden was rightfully adjudicated the title and possession. (*Hurlbutt* v. *Butenop*, 27 Cal. 50; *Gregory* v. *Hains*, 13 Cal. 594; *Curtis* v. *Sutter*, 15 Cal. 263; *Haynes* v. *Calderwood*, 23 Cal. 409; *Richardson* v. *White*, 18 Cal. 102.)

By the COURT:

When the proceedings were had by which the road in question was located, Jordan was the legal owner and in actual possession of the premises taken for that purpose, and as against him the proceedings were admittedly regular in all respects.

Hidden was not the legal owner, nor had he at that time even an ascertained equity in the premises. He had only a claim to the legal title conditioned upon the payment by him of a large sum of money to Jordan. The proceedings by which land is taken for a public highway look only to the legal title, and deal only with those who are invested with such title. They cannot undertake to enter into a consideration of mere equitable claims of other persons. In

this case, for illustration, it would have been utterly impossible for the public to have ascertained the nature, extent, or value of the asserted equitable claim of Hidden, or to have ascertained or apportioned the damages claimed by him. The value of the land taken from Jordan by his consent, or for which he had received compensation in damages, might have properly been taken into consideration in settling the terms of the decree subsequently entered in the case of *Hidden* v. *Jordan.*

Judgment reversed, and cause remanded.

Mr. Justice CROCKETT expressed no opinion.

Mr. Justice RHODES dissented.