## HAWAIIAN COMMERCIAL & SUGAR COMPANY *v.* WAILUKU SUGAR COMPANY.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED ON FURTHER ARGUMENT APRIL 6, 1899.　　DECIDED APRIL 11, 1899.

### JUDD, C.J., FREAR AND WHITING, JJ.

An alleged equitable owner of land is not entitled to an injunction to restrain the prosecution of condemnation proceedings against the holder of the legal title, during the pendency of a suit to have the holder of the legal title declared trustee of the land to the use of the equitable claimant, on the ground that the holder of the legal title will not protect the interests of the equitable claimant, there being no collusion between the plaintiff in the condemnation proceedings and the holder of the legal title.

### OPINION OF THE COURT BY FREAR, J.

This is an appeal from a decree sustaining a demurrer and dismissing a bill in equity for an injunction against certain condemnation proceedings.

The parties are corporations doing business on the Island of Maui, the plaintiff being a foreign, the defendant, a domestic corporation.

The bill alleges in brief that plaintiff claims to be equitably entitled to some 6,000 acres of land to which are appurtenant valuable water rights, which land is a portion of the Ahupuaa of Wailuku on the Island of Maui and is held in the name of Claus Spreckels of San Francisco, California; that a suit is now pending in this (the lower) court brought by plaintiff against said Spreckels praying, amongst other things, that he be decreed a trustee of said land to plaintiff's use, and that an injunction therein has been granted and is now in force restraining him from disposing of said land, as appears by the record ·in said suit, profert of which is made; that defendant has brought an action before the circuit judge of the Island of Maui against plaintiff and said Spreckels praying judgment authorizing its construction of a water ditch and flume ten feet wide and about a mile long over said land, that summons therein has been issued but that by consent the time for plaintiff's appearance has been extended; that plaintiff is informed by defendant's attorneys, who are also said Spreckels' attorneys, that said Spreckels does not intend to dispute the granting of such judgment in favor of defendant, and that they, defendant's attorneys, will discontinue said action as against plaintiff and take out such judgment against said Spreckels if plaintiff shall by demurrer or otherwise contest the validity of the law under which said action is brought and that thereupon defendant will dig and use said ditch; that if plaintiff shall not contest the validity of said law in said action, it may be regarded as having waived any claim to do so on appeal, and that plaintiff is advised by counsel that it has just grounds for claiming that said law is invalid; that plaintiff, as soon as it shall have successfully asserted its rights in said land, proposes to utilize for its own purposes the water power which the defendant seeks to obtain and use, and that if its use thereof is impaired or interfered with, the damage thereby resulting to its property will be irreparable; that said Spreckels

has no concern in disputing the obtaining by defendant of said water power, and, as shown by the records in said suit as well as by the records in another suit, profert of which is made, does not desire as holder of the legal estate in said land to prevent such irreparable damage; that the said law does not provide for proceedings against others than the owners of the legal title and occupiers of the land, so that plaintiff's equitable rights therein cannot be adjudicated and protected, and the judge before whom said action will be tried may of his own motion or at the instance of defendant's or said Spreckels' counsel dismiss said action as against plaintiff and give judgment therein authorizing defendant to construct said ditch and pay the damages to said Spreckels.

The prayer is for an injunction restraining defendant, its agents and attorneys from proceeding further with said action until final decision of said suit in equity or further order of the court.

The only ground of demurrer relied on in this court is the general one that the complaint does not show facts sufficient to constitute a cause of action.

The only ground, if any, upon which an injunction could properly be issued in this case, is that the plaintiff is a *cestui que trust* of the land and that its interests will not be protected in the condemnation case, because that case will be discontinued or dismissed as to it, and its trustee, the other defendant therein, will not defend.

The other allegations, as to the invalidity of the statute, the ownership of the water power and the consequences of a decision for the plaintiff in that case, cannot be regarded as independent grounds for an injunction. They raise questions that can be raised and determined in that case as well as in this. They can be regarded only as tending to show, with other things, that the interests of the plaintiff herein will suffer if not defended in that case.

If the proceedings for condemnation under the statute (Act 18, Laws of 1895) were in the nature of equitable proceedings

and the *cestui que trust* could be a party thereto, it could defend itself therein and there would be no occasion for an injunction. But counsel on both sides take the position that those proceedings are at law, that the *cestui que trust* cannot properly be a party thereto and that under the statute only legal as distinguished from equitable owners can properly be parties defendant. Assuming this to be the correct view, the plaintiff therein could without question properly discontinue as to the *cestui que trust*. In that event, if, on the one hand, the *cestui que trust* would not be bound by a judgment against the trustee, it would be in no danger such as would entitle it to an injunction.

But let it be supposed, on the other hand, that, as would probably be the case, the *cestui que trust* would be bound by a judgment against the trustee, on the ground that it was represented by the trustee. See *State v. E. & A. R. R. Co.*, 36 N. J. L. 181; *Robertson v. Van Cleave*, 129 Ind. 217; *Hidden v. Davisson*, 51 Cal. 138. Then, if there were good reason to believe that the trustee would neglect to protect the interests of the *cestui que trust*, the latter's remedy would seem to be, not against the plaintiff in the condemnation proceedings, but against the trustee—by compelling him to defend, by having him removed and another trustee appointed, by getting the trust executed, or by other preventive remedy, as the case may permit, or by holding him to account afterwards for the loss in case the preventive remedy were not applied in time. The plaintiff in the condemnation proceedings, if acting innocently, ought not to be compelled to have its rights suspended because of a dispute between the owner of the legal title and an alleged equitable claimant.

Of course if it could be shown that the plaintiff in the condemnation proceedings was acting in collusion with the trustee to wrongfully deprive the *cestui que trust* of its rights, the latter could probably treat the condemnation proceedings as void and recover the property or rights taken and perhaps would even be entitled to an injunction to prevent the plaintiff therein

from proceeding under such circumstances. But in this case such collusion is not relied on. It seems to be conceded that the plaintiff in those proceedings is merely endeavoring to secure rights in accordance with the terms of the statute, and that the danger to the interests of the *cestui que trust* lies merely in the indifference and perhaps hostility of the trustee, that is, assuming that there is a trust.

The decree appealed from, dismissing the bill with costs, is affirmed.

*A. S. Hartwell* and *W. R. Castle* for plaintiff.
*Kinney & Ballou* for defendant.