John DURHAM, Plaintiff and Appellant,

v.

DUCHESNE COUNTY, Defendant
and Appellee.

No. 930406.

Supreme Court of Utah.

March 29, 1995.

J. Craig Smith, David B. Hartvigsen, Salt Lake City, for plaintiff.

Randall D. Lund, Salt Lake City, for defendant.

RUSSON, Justice:

Plaintiff John Durham appeals from the trial court's denial of his motion for a change of venue pursuant to Utah Code Ann. § 63–30–17 of the Utah Governmental Immunity Act and from a judgment of no cause of action entered on a special jury verdict. We reverse and remand.

## FACTS

On March 18, 1988, John Durham was injured when he slipped and fell on the north stairway in front of the Duchesne County Courthouse (the Courthouse) in Duchesne, Utah. Durham had conducted business in the Courthouse and was exiting the building at the time of the accident. He sued Duchesne County (the County), alleging that the County was negligent in failing to properly maintain the stairway and in failing to provide it with handrails as required by the Uniform Building Code (the UBC).[1] The

---

1. In 1975, the town of Duchesne enacted ordinance 75, which adopted the 1973 edition of the Uniform Building Code. This ordinance was in effect on March 18, 1988.

County denied negligence and claimed that the UBC did not require handrails on this particular stairway.

Durham filed a pretrial motion for a change of venue to an adjacent county pursuant to Utah Code Ann. § 63–30–17 of the Utah Governmental Immunity Act. That section provides that where the forum county is a party defendant to the action, the action may be brought in a contiguous county upon leave of court. *See id.* The trial court denied Durham's motion on the ground that Durham had not "shown sufficient reason why this case should be tried in any other county." Consequently, Durham proceeded to trial in Duchesne County.

Evidence adduced at trial established that the Courthouse was built in 1954 and underwent extensive remodeling in 1980. As part of the remodeling project, the County extended a step from the threshold of the Courthouse's main entrance out to the top of the existing exterior stairway. This was accomplished by adding a ten- to twelve-foot-long concrete slab to the step in front of the doorway. Consequently, the exterior stairway, which previously had three risers, now had four. At the time of the remodeling, the 1973 edition of the UBC was in effect pursuant to Duchesne City ordinance 75. This code required handrails on all stairways having four or more risers.[2] However, no handrails were added to the Courthouse stairway as part of the 1980 remodeling project.

Following a five-day trial, the jury was instructed and the matter was submitted to it with a special verdict form for final determination. The jury returned a verdict finding that the County had not been negligent in any way and had not violated the UBC in failing to provide handrails on the stairway. It also found that Durham had not been comparatively negligent. Upon return of the verdict, Durham moved for entry of a judgment notwithstanding the verdict or, in the alternative, a new trial. In this post-trial motion, Durham renewed his request for a change of venue, specifically requesting a new trial in a contiguous county. The trial court denied his motion.

Durham appeals, raising three issues: first, that the trial court abused its discretion by failing to grant his pretrial motion for a change of venue; second, that the trial court erred in refusing to give his requested jury instruction on safety standards; and third, that the trial court erred in denying his post-trial motion for either a judgment notwithstanding the verdict or a new trial.

## CHANGE OF VENUE

■ Although we will not disturb a trial court's ruling on a motion to change venue absent a clear abuse of discretion, *State v. James,* 767 P.2d 549, 551 (Utah 1989), we will reverse if the decision exceeds the bounds of reasonability. *Crossland Sav. v. Hatch,* 877 P.2d 1241, 1243 (Utah 1994).

■ Durham contends that the trial court abused its discretion in denying his pretrial motion to change venue. Specifically, he maintains that he was denied an impartial jury because (1) the jurors, as County taxpayers, had a financial interest in the outcome of the litigation, and (2) the Courthouse was the site of the accident and consequently the jurors might improperly inspect the accident scene and form conclusions not based on the evidence produced at trial. The County responds that Utah Code Ann. § 63–30–17 does not mandate a change of venue but instead provides the trial court with broad discretion in determining whether to transfer a case to another venue and, therefore, the trial court did not abuse its discretion in denying Durham's motion. We note that this is the first opportunity this court has had to review a denial of a motion to change venue brought under section 63–30–17.

Section 63–30–17 provides in relevant part:

Actions against a county may be brought in the county in which the claim arose, or in the defendant county, or, *upon leave granted by a district court judge of the defendant county,* in any county contiguous to the defendant county. Leave may be granted ex parte.

Utah Code Ann. § 63–30–17 (emphasis added).

---

2. Unif.Bldg.Code § 3305(i) (1973).

Before we begin our interpretation of this section, "we note the directive that we construe statutes liberally with a view to effect their objects and to promote justice." *Brickyard Homeowners' Ass'n Management Comm. v. Gibbons Realty Co.*, 668 P.2d 535, 538 (Utah 1983). When presented with a question of first impression such as this, it is our duty to give each section of a statute meaning and purpose. *Houston Real Estate Inv. Co. v. Hechler*, 44 Utah 64, 71, 138 P. 1159, 1161 (1914).

█ The language of section 63–30–17 is clearly discretionary and, unlike the general transfer of venue statute,[3] does not require specific grounds for transferring venue. Furthermore, unlike section 78–13–9, section 63–30–17 allows the court to make a transfer ex parte. Legislation such as section 63–30–17 "reflects a recognition of the power of the sovereign and the weakness of the individual." *Briedablik, Big Valley, Lofall, Edgewater, Surfrest, N. End Community Ass'n v. Kitsap County*, 33 Wash.App. 108, 652 P.2d 383, 388 (1982), *overruled on other grounds, Save Our Rural Env't v. Snohomish County*, 99 Wash.2d 363, 662 P.2d 816 (1983). Thus, in enacting section 63–30–17, the legislature obviously recognized the disadvantage of being required to sue a county for damages in its own courthouse. This disadvantage is magnified in small rural counties where jurors will also be county taxpayers with an incentive to keep their taxes, and consequently any damage award, low. Permitting actions against counties to be tried in adjoining counties guards against the risk of local prejudice and affords litigants a relatively convenient alternative forum in which to bring their actions without the need to demonstrate bias or impartiality. *Garrett v. Superior Court*, 11 Cal.3d 245, 113 Cal.Rptr. 152, 520 P.2d 968, 970 (1974) (en banc); *Briedablik*, 652 P.2d at 388. Consequently, we are persuaded that as a general rule,

requests to transfer venue pursuant to this section should be liberally granted.

Other jurisdictions have likewise granted changes of venue to persons suing various taxing authorities on the theory that jurors would be inclined to keep awards low rather than experience the potential increase in taxes required to satisfy any judgments entered against the taxing authority. The California Supreme Court has found that statutes which allow for a change of venue when a county is a party serve to protect the rights of the noncounty party. *Garrett*, 113 Cal.Rptr. at 154, 520 P.2d at 970. In *Garrett*, the court held that the purpose of the venue-shifting statute was "'to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral ground.'" *Id.* (quoting *Finance & Constr. Co. v. City of Sacramento*, 204 Cal. 491, 269 P. 167, 168 (1928)); *see also Vanden Broucke v. Lyon County*, 301 Minn. 399, 222 N.W.2d 792, 795 (1974); *Berry v. North Pine Elec. Coop.*, 235 Minn. 562, 50 N.W.2d 117, 123 (1951); *Linington v. McLean County*, 150 N.W.2d 239, 240 (N.D. 1967).

The instant circumstances present a particularly compelling case for a change of venue. Duchesne County is a sparsely populated, rural county. The jury pool was comprised of individuals who, because of the small taxpayer base of Duchesne County, could be particularly concerned with the assets of their county. In fact, one prospective, and later empaneled, juror vocalized this concern when during voir dire he questioned whether this lawsuit was going to bankrupt the county. Durham was especially susceptible to any local prejudice given that he was not only a nonresident of the County, he was not even a resident of Utah. Moreover, the Courthouse building houses the offices of

---

3. The general transfer of venue statute, Utah Code Ann. § 78–13–9, provides:

The court may, on motion, change the place of trial in the following cases:
(1) when the county designated in the complaint is not the proper county.
(2) when there is reason to believe that an impartial trial cannot be had in the county, city, or precinct designated in the complaint.

(3) when the convenience of witnesses and the ends of justice would be promoted by the change.
(4) when all the parties to an action, by stipulation or by consent in open court entered in the minutes, agree that the place of trial may be changed to another county. Thereupon the court must order the change as agreed upon.

county officials and employees. Jurors were exposed throughout the trial to County officials, and the County Assessor and County Treasurer's offices were just across the hall from the courtroom. Finally, failing to change venue was especially prejudicial in this case in light of the fact that the accident occurred at the very courthouse where the trial was held. Jurors could view the accident scene on a daily basis, possibly forming independent conclusions not based on the evidence adduced at trial.

While a change of venue may not be warranted under different circumstances or when a more populous county is involved, under the particularly unique set of facts in this case, we conclude that the trial court abused its discretion in failing to grant Durham's motion for change of venue to a contiguous county.

■ Because of our resolution of the venue issue, we need not address Durham's other claims of error. However, we note that the trial court in this case submitted for jury determination the question of whether the County violated the UBC in failing to provide a handrail on the Courthouse stairway. But, in so doing, the jury was never instructed as to the appropriate code or law to be applied. In fact, the jury was left to speculate as to the applicability of different editions of the UBC.

■ The applicability, interpretation, and construction of a statute are questions of law for the court. *See, e.g., Sandy City v. Salt Lake County,* 827 P.2d 212, 218 (Utah 1992); *Ward v. Richfield City,* 798 P.2d 757, 759 (Utah 1990). Similarly, the applicability and interpretation of an ordinance present questions of law. *Town of Alta v. Ben Hame Corp.,* 836 P.2d 797, 800 (Utah Ct.App.1992). Questions of law are the exclusive province of the court and not for the jury to determine. *State v. Strand,* 720 P.2d 425, 430 (Utah 1986); *accord Jimenez v. O'Brien,* 117 Utah 82, 108, 213 P.2d 337, 350 (1949) (Wade, J., dissenting). Therefore, on remand, the trial court should specifically instruct the jury as to the applicable law, including the appropriate edition of the UBC in effect at the time of Durham's accident.

## CONCLUSION

On the basis of the foregoing, we reverse the trial court's denial of Durham's motion for a change of venue. The jury verdict is vacated, and this case is remanded to the trial court with directions to transfer the action to a contiguous county in accordance with the provisions of Utah Code Ann. § 63–30–17.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.