CATHCO, INC., a foreign corporation, Plaintiff and Appellee,

v.

VALENTINER CRANE BRUNJES ONYON ARCHITECTS, a general partnership, formerly known as Valentiner Architects, P.C., Steve H. Crane, an individual, Thomas M. Foley, an individual, Foley, Maehara, Judge, Nip & Chang, a general partnership, Thomas G. Bennett, an individual, Edward McCoy & Kennedy, a professional corporation, Jones, Waldo, Holbrook & McDonnough, a general partnership, E.G. Brenno, an individual, et al., Defendants and Appellants.

No. 960186.

Supreme Court of Utah.

Aug. 26, 1997.

James E. Morton, Salt Lake City, and Kurt L. Schmalz, Bruce J. Lurie, L. Kimberly Pepper, Beverly Hill, Cal., for Cathco.

Craig C. Coburn, Matthew C. Barneck, James L. Barnett, Salt Lake City, for Valentiner Crane and Crane.

Thomas L. Kay, Salt Lake City, for Foley.

Glenn C. Hanni, Salt Lake City, for Foley, Maehara, Judge, Nip & Chang.

William J. Hansen, Salt Lake City, for Brenno.

HOWE, Justice:

A developer alleged breach of contract, negligence, and negligent misrepresentation against architects who rendered design services in a remodeling project. The architects moved for summary judgment on the ground that Utah Code Ann. § 78–12–25.5(3) (1996), which imposes a two-year statute of limitations on claims against a provider of such services for injury to persons or property, bars the developer's action. The trial court ruled in favor of the developer, and we granted an interlocutory appeal to determine whether the statute applies to the developer's claim against the architects for purely economic loss.

## FACTS

Defendants Stephen Crane, a licensed professional architect, and Valentiner Crane Brunjes Onyon Architects, a Utah corporation engaged in providing architectural and related services (collectively, Valentiner Crane), entered into a contract with plaintiff Cathco, Inc., in November of 1991 to provide its services in the design and construction of improvements to the Provo Town Square project in Provo, Utah. Delays and cost overruns plagued the project to such an extent that Cathco brought this action against various former directors, officers, and attorneys of Cathco, alleging, inter alia, fraud, breach of fiduciary duty, and legal malpractice. In December of 1995, Cathco amended its complaint to join Valentiner Crane as a defendant in the action then pending, alleging breach of contract, negligence, and negligent misrepresentation and seeking damages for economic loss. Subsequently, Valentiner Crane moved for summary judgment on the ground that the action against it was barred by Utah Code Ann. § 78–12–25.5, which provides in relevant part:

(1) As used in this section:

(a) "action" means any claim for judicial, arbitral, or administrative relief for acts, errors, omissions, or breach of duty *that causes injury to persons or property*, whether based in tort, contract, warranty, strict liability, indemnity, contribution, or other source of law;

. . . .

(3) An action against a provider shall be commenced within two years from the date of discovery of the act, error, omission, or breach of duty or the date upon which the

act, error, omission, or breach of duty should have been discovered through reasonable diligence. If the act, error, omission, or breach of duty is discovered or discoverable before completion of the improvement or abandonment of construction, the two year period begins to run upon completion or abandonment.

(Emphasis added.) The trial court found that Cathco had discovered the potential liability of Valentiner Crane in 1992 and that the statute of limitations began to run when the property was occupied in April of 1993. However, the trial court denied the motion for summary judgment, ruling that "action" as defined by section 78–12–25.5(1)(a) is limited to noneconomic injury to persons or property and that therefore this suit against Valentiner Crane is governed instead by Utah Code Ann. § 78–12–23(2) (1996). That section provides:

An action may be brought within six years:

. . .;

(2) upon any contract, obligation, or liability founded upon an instrument in writing, except those mentioned in Section 78–12–22.[1]

Valentiner Crane appeals, contending that the legislative intent of section 78–12–25.5, taken in its entirety, "is to encompass all claims against design and construction professionals, arising out of their unintentional yet culpable conduct, irrespective of legal theory or the nature of the injury or damages caused thereby." Cathco counters that section 78–12–25.5 does not apply to actions limited to recovery for economic or financial loss.

## STANDARD OF REVIEW

■ The single issue before us is whether "injury to persons or property" in the context of section 78–12–25.5 encompasses purely economic loss. This is a legal question of statutory construction which we review using a correction of error standard, granting no deference to the trial court. *Durham v. Duchesne County*, 893 P.2d 581, 584 (Utah

1995); *Bonham v. Morgan*, 788 P.2d 497, 499 (Utah 1989).

## ANALYSIS

Valentiner Crane bases its contention that section 78–12–25.5 bars Cathco's action on three arguments: First, section 78–12–25.5 has been amended since the decision of the cases relied upon by the trial court; second, the rules of statutory construction favor application of the two-year statute of limitations found in section 78–12–25.5(3); and third, section 78–12–25.5(3) expressly contemplates actions based in contract. We will address these arguments in sequence.

### I. CHANGES IN THE LAW

#### A. Injury to Persons or Property

■ Cathco relies on *Brigham Young University v. Paulsen Construction Co.*, 744 P.2d 1370, 1374 (Utah 1987) (Howe, J., concurring), *Duncan v. Schuster–Graham Homes, Inc.*, 194 Colo. 441, 578 P.2d 637 (1978) (en banc), and *Securities–Intermountain, Inc. v. Sunset Fuel Co.*, 289 Or. 243, 611 P.2d 1158 (1980), for the proposition that "the traditional tort terminology of 'injury to person or property' indicates a distinction between actions seeking damages for personal injury or property damage and actions seeking economic damages." *Duncan*, 578 P.2d at 640. Valentiner Crane argues that this reliance is misplaced because the 1967 version of section 78–12–25.5, which was discussed in this author's concurring opinion in *Paulsen*, was repealed, and the current version, which governs this case, was enacted in 1991. Similarly, new statutes were enacted in Colorado and Oregon after *Duncan* and *Securities–Intermountain* were decided. The 1967 version referred specifically to "defective and unsafe conditions," while the current version contains no such language. However, this is of little consequence as Cathco relies on these cases only for the concept that "injury to person or property," as used in section 78–12–25.5, and purely economic damages are legally distinct.

1. Utah Code Ann. § 78–12–22 provides an eight-year statute of limitations for an action upon a court judgment or decree or to enforce an order of support for dependent children.

Valentiner Crane cites *Madsen v. Borthick*, 769 P.2d 245, 252 (Utah 1988), to the effect that a change in statutory language gives rise to a presumption that the legislature intended to change prior law. However, this argument, even if correct, is of minimal import as Cathco does not contend that the 1991 version of section 78-12-25.5 did not repeal the 1967 version. Cathco merely argues that both versions apply to actual injury to person or property other than purely economic injuries. Although the wording of the current version is silent in regard to "defective and unsafe conditions," the statutory language maintains the limitation that it applies only to an "action" seeking relief for "injury to persons or property." Valentiner Crane relies heavily on the current statute's enumeration of the legal theories under which claims for damages may be brought, including contract and tort. This enumeration was absent from the 1967 version. However, the amended statute has done nothing to change the basic distinction between injury to persons or property and economic damages. It merely provides that once there is an actual injury to persons and property, a suit brought under any one of the various potential legal theories must be filed within section 78-12-25.5's two-year limitation period. In *Paulsen,* the concurring opinion interpreted the exact phrase at issue in the instant case. Thus, even though the statute was amended to eliminate an unconstitutional statute of repose and to reword some of the provisions, the phrase "injury to persons or property" was not altered, and the *Paulsen* analysis is still good law as to that phrase.

We recently reiterated the distinction between physical and economic injury in *American Towers Owners Ass'n v. CCI Mechanical, Inc.,* 930 P.2d 1182 (Utah 1996). There, condominium owners sought to recover economic damages under a tort theory. We adopted the reasoning of the court of appeals in *Maack v. Resource Design & Construction, Inc.,* 875 P.2d 570 (Utah.Ct.App.1994), and *Schafir v. Harrigan,* 879 P.2d 1384 (Utah.Ct.App.1994). In those cases, the courts concluded that the agreement of the parties governs recovery for deficiencies in the quality of construction and that a plaintiff " 'cannot recover ... economic losses under a theory of negligent construction.' " *American Towers,* 930 P.2d at 1189 (quoting *Schafir,* 879 P.2d at 1388). Courts have referred to this rule that one may not recover economic losses under a theory of nonintentional tort as the "economic loss rule." *Id.* In *American Towers,* we explained:

> The policy reasons supporting the economic loss rule are sound. When a product does not perform or last as long as the consumer thinks it should, the claim pertains to the quality of the product as measured by the buyer's and user's expectations—expectations which emanate solely from the purchase transaction. Thus, contract principles resolve issues when the product does not meet the user's expectations while tort principles resolve issues when the product is unsafe to person or property.

*Id.* at 1190 (footnote omitted). Moreover, "[o]ne who undertakes ... to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for *physical harm* resulting from his failure to exercise reasonable care." Restatement (Second) of Torts § 324A (1965) (emphasis added). As we observed in *American Towers,* "The comments following the section underscore that its scope is limited to claims for 'physical harm' to persons or property, neither of which is present here." *Id.* at 1192. Here, as in *American Towers,* plaintiff's negligence claim "pertains solely to its members' unmet expectations regarding the quality of their purchases." *Id.* Thus, although the statute which *Paulsen* addressed has been repealed and a new statute enacted, the law has not changed with regard to the basic distinction between injury to persons or property and purely economic damages. The statute in question addresses injury to persons or property, which is to be understood in the tort law sense and does not include economic damages.[2]

---

**2.** Valentiner Crane points out that injury is defined elsewhere in Utah law to include economic injury. The two examples that it gives are the Governmental Immunity Act, Utah Code Ann.

## B. Express Statutory Reference to Actions Based in Contract

Section 78–12–25.5(1)(a) defines "action" as "any claim for judicial, arbitral, or administrative relief for acts, errors, omissions, or breach of duty that causes injury to persons or property, whether based in tort, contract, warranty, strict liability, indemnity, contribution, or other source of law." Both the 1967 version of the statute, under which *Paulsen* was decided, and the current version explicitly refer to "injury to persons or property," but the current statute also contains the enumeration of the various legal theories under which a claim for such an injury may be brought. This addition is not helpful to Valentiner Crane, however, because "it is generally held that the nature of the cause of action, or of the right sued upon, and not the form of action, is the test by which to determine which statute of limitations applies and whether the action is barred by the running of the limitation period." 51 Am.Jur.2d *Limitation of Actions* § 62 (1970); *see also Edwards v. State*, 95 Misc.2d 516, 407 N.Y.S.2d 804, 806 (Ct.Cl. 1978) ("For purposes of determining the statute of limitations, it is the gravamen of the claim which governs, not the form in which it is pleaded."). Thus, under the current statute, while the action itself must be for injury to persons or property, the claim may be brought under any of the listed theories, including contract.

## II. STATUTORY CONSTRUCTION

Valentiner Crane contends that the trial court misinterpreted section 78–12–25.5 because it disregarded several principles of statutory construction that favor application of section 78–12–25.5's two-year limitation period rather than the six-year statute of limitations provided by section 78–12–23(2). Specifically, Valentiner Crane cites *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984), for the proposition that "[w]hen two statutory provisions appear to conflict, the more specific provision will gov-

ern over the more general provision" (citing *Millett v. Clark Clinic Corp.*, 609 P.2d 934 (Utah 1980)). While this is a valid principle, it applies only where two statutory provisions actually conflict. Because section 78–12–25.5(3) does not apply to purely economic injuries, the two statutes do not conflict, and their relative specificity is irrelevant.

Valentiner Crane notes, again correctly, that "'we construe statutes liberally with a view to effect their objects and to promote justice.'" *Durham*, 893 P.2d at 583 (quoting *Brickyard Homeowners' Ass'n Management Comm. v. Gibbons Realty Co.*, 668 P.2d 535, 538 (Utah 1983)). However,

> [a]s a matter of policy, the view has been taken that where there is a substantial question which of two or more statutes of limitation within the jurisdiction should be applied, the doubt should be resolved in favor of the application of the statute containing the longest limitation. In other words, if a substantial doubt exists as to which is the applicable statute of limitations, the longer rather than the shorter period of limitation is to be preferred.

51 Am.Jur.2d *Limitation of Actions* § 63 (1970) (footnote omitted). Therefore, if given a choice between statutes, we should apply the longer limitation period.

It is well established that a statute should be read as a whole. Reading section 78–12–25.5 as a whole indicates that the two-year statute of limitations applies to an "action" for "injury to persons or property" that arises out of contract or other legal theories. It does not indicate that an action for breach of contract resulting in a cause of action for other than injury to persons or property is governed by that section. Valentiner Crane agrees that a statute should be construed in harmony with the legislative intent and that its plain language is the best evidence of legislative intent. *Sullivan v. Scoular Grain Co. of Utah*, 853 P.2d 877, 879 (Utah 1993). At the same time, however, Valentiner Crane cites and relies on *Andrus v. Allred*, 17 Utah 2d 106, 109, 404 P.2d 972, 974 (Utah 1965),

---

§ 63–30–2(5) (1993) and the Liability Protection for Volunteers Act, Utah Code Ann. § 78–19–1(1) (1996). Both of these are unique and specialized applications, and nothing indicates that the defi-

nitions of damage and injury used in those chapters should carry over to section 78–12–25.5, a completely unrelated statute.

for the proposition that "[i]n order to give the statute the implementation which will fulfill its purpose, reason and intention sometimes prevail over technically applied literalness." Nonetheless, it does not present any evidence that the legislature's intent was in conflict with the plain wording of the statute. Therefore, we cannot agree that the trial court incorrectly applied the principles of statutory construction.

## CONCLUSION

Cathco has not brought an action for injury to persons or property against Valentiner Crane. Instead, it seeks purely economic damages arising from the alleged breach of the contract between the parties. Therefore, section 78–12–25.5(3) does not apply.[3] Rather, this case is governed by section 78–12–23(2), which explicitly addresses "liability founded upon an instrument in writing" and provides a six-year limitation period.

Affirmed.

Zimmerman, C.J., and DURHAM and RUSSON, JJ., concur.

STEWART, Associate C.J., concurs in the result.

**3.** We note that section 78–12–25.5(3) was amended in 1997 to extend the limitations period to five years. That change is of no effect here, however, because we hold that the statute does not apply.