**VALLEY COLOUR, INC., a Utah corporation, Plaintiff and Appellant,**

v.

**BEUCHERT BUILDERS, INC., a Utah corporation, Defendant and Appellee.**

No. 960117.

Supreme Court of Utah.

Aug. 26, 1997.

Martin K. Banks, Salt Lake City, for plaintiff and appellant.

Benson L. Hathaway, Salt Lake City, for defendant and appellee.

HOWE, Justice:

Plaintiff Valley Colour, Inc., appeals from an order of the trial court dismissing its complaint for failure to state a claim upon which relief may be granted, Utah R. Civ. P. 12(b)(6), on the basis that Valley Colour's causes of action were time-barred by Utah Code Ann. § 78–12–25.5(3) (1996). Plaintiff seeks reversal of the order and a remand of the case for further proceedings.

## I. FACTS

Before reciting the facts, we note that when "determining whether a trial court properly dismissed an action under rule 12(b)(6), we assume that the factual allegations in the complaint are true and we draw all reasonable inferences in the light most favorable to the plaintiff." *Whipple v. American Fork Irr. Co.*, 910 P.2d 1218, 1219 (Utah 1996) (citation omitted). "[T]he purpose of a rule 12(b)(6) motion is to challenge the formal sufficiency of the claim for relief, not to establish the facts or resolve the merits of the case." *Id.* at 1220 (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).

This case stems from a contract between Valley Colour and defendant Beuchert Builders, Inc., whereby Beuchert was to perform remodeling construction work on residential property in Highland, Utah. Beuchert commenced construction on July 27, 1991. Over approximately the next four months, Valley Colour made periodic payments for construction that Beuchert represented had been completed. On December 2 of that same year, Beuchert abandoned the project, and Valley Colour ceased paying Beuchert. In February 1992, Beuchert filed a mechanic's lien on the property in the amount of $19,600, which it claimed was still owing pursuant to the contract.

Thereafter, from June of 1992 to June of 1993, Valley Colour unsuccessfully attempted to sell the property on an "as-is" basis. In June of 1993, Central Bank foreclosed on the property and sold it approximately four months later.

Valley Colour filed its complaint on September 25, 1995. The complaint alleged (1) breach of contract, (2) repudiation of contract, (3) misrepresentation, (4) unjust enrichment, (5) breach of the covenant of good faith and fair dealing, (6) tortious interference, and (7) slander of title. Beuchert responded with a rule 12(b)(6) motion, arguing that Valley Colour had failed to state a claim upon which relief could be granted because all of its claims were time-barred by section 78–12–25.5(3). The trial court granted the motion and dismissed the action.

Valley Colour appeals, contending (1) that section 78–12–25.5(3)'s two-year statute of limitations does not apply to its claims for breach of contract, repudiation of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing because they are not actions for "injury to persons or property" but seek to recover purely economic loss; and (2) that section 78–12–25.5(3) does not bar its claims for slander of title and

tortious interference because they do not arise out of or relate to improvements in real property or, alternatively, were timely filed under that section's two-year limitation period.[1]

## II. STANDARD OF REVIEW

▮ "Because a rule 12(b)(6) dismissal is a conclusion of law, we review for correctness, granting no deference to the trial court's decision." *Whipple*, 910 P.2d at 1220 (citing *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991)). We must determine whether the trial court properly interpreted and applied section 78–12–25.5(3). "In matters of pure statutory interpretation, an appellate court reviews a trial court's ruling for correctness and gives no deference to its legal conclusions." *Stephens v. Bonneville Travel, Inc.*, 935 P.2d 518, 519 (Utah 1997).

## III. ANALYSIS

Utah Code Ann. § 78–12–25.5 provides in pertinent part:

(3) An action against a provider[2] shall be commenced within two years from the date of discovery of the act, error, omission, or breach of duty or the date upon which the act, error, omission, or breach of duty should have been discovered through reasonable diligence.

As defined in subsection (1)(a), " 'action' means any claim for ... relief for acts, errors, omissions, or breach of duty *that causes injury to persons or property,* whether based in tort, contract, warranty, strict liability, indemnity, contribution or other source of law." Utah Code Ann. § 78–12–25.5(1)(a) (1996) (emphasis added). Valley Colour argues that this subsection covers only actions for "injury to persons or property," a term it contends does not encompass its claims for purely economic injury. Beuchert counters

---

1. Valley Colour also contends that the two-year statute of limitations in section 78–12–25.5 violates the "Uniform Operation of Laws" and "Private Laws" clauses, article I, section 12 and article VI, section 26, respectively, of the Utah Constitution. However, we need not address these contentions in light of our decision regarding Valley Colour's other arguments.

2. The term "provider" is broadly defined in the statute, Utah Code Ann. § 78–12–25.5(1)(e) (1996), and Valley Colour does not argue that Beuchert is not covered by the statutory definition.

that the broad range of legal theories included in the definition of "action" demonstrates that the legislature intended to apply the section's two-year limitation period to all claims brought against "providers."

### A. Valley Colour's Contract–Related Claims

■ Regarding Valley Colour's claims for breach of contract, repudiation of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing, we conclude that section 78–12–25.5(3)'s two-year statute of limitations does not apply. We hold such pursuant to our reasoning and decision in *Cathco v. Valentiner Crane,* 944 P.2d 365 (Utah 1997), a case decided today that addresses the application of section 78–12–25.5(3) at length. For the purposes of this opinion, it is sufficient to state that these claims by Valley Colour do not involve "injury to persons or property" and are therefore outside the coverage of section 78–12–25.5(3).[3] Rather, they are governed by the six-year limitation period for written instruments contained in Utah Code Ann. § 78–12–23 and were therefore timely filed.

### B. Tortious Interference and Slander of Title

■ Valley Colour next contends that its claims for slander of title and tortious interference should not have been dismissed because, although it is willing to concede that these claims seek redress for "injury to person or property," they do not "arise out of or relate to" the improvements made by Beuchert. However, we need not address this concession or contention made by Valley Colour. Even assuming that section 78–12–25.5(3) applies, this action was timely filed. Therefore, we leave consideration of the scope of section 78–12–25.5 and whether a slander of title claim involves injury to person or property for another day.

Valley Colour's slander of title and tortious interference claims were timely filed because, as Valley Colour contends, the claims did not accrue until the house was sold by Central Bank in October of 1993 and Valley Colour's damages had been determined. We disagree with Beuchert that the claims are time-

barred because the statute of limitations began to run in 1992 when Beuchert filed the mechanic's lien and Valley Colour acquired knowledge of sufficient facts upon which to base its claims.

■ This court has never addressed the requirements to trigger the running of the statute of limitations in a slander of title action. However, we have stated that "a cause of action accrues 'upon the happening of the last event necessary to complete the cause of action.'" *Berenda v. Langford,* 914 P.2d 45, 50 (Utah 1996) (quoting *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981)). "The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." 51 Am.Jur.2d *Limitation of Actions* § 107 (1970).

■ The time when Valley Colour could have first "maintained the action to a successful conclusion" was after the sale of the property by Central Bank, when it first became able to demonstrate special damages. In *First Security Bank of Utah, N.A. v. Banberry Crossing,* 780 P.2d 1253, 1257 (Utah 1989), we unequivocally stated that "presumed or general damages" are insufficient in a slander of title action. "A slander of title action requires proof of actual or special damages." *Id.* "The special damage rule requires the plaintiff to establish pecuniary loss that has been realized or liquidated . . . ." W. Page Keeton, *Prosser and Keeton on the Law of Torts* 971 (5th ed.1984). Proof of special damages usually involves demonstrating a sale at a reduced price or at greater expense to the seller. It is not sufficient to show that the land's value has dropped on the market, as this is general damage, not a realized or liquidated loss. *See id.* at 971 n. 3; *A.H. Belo Corp. v. Sanders,* 632 S.W.2d 145 (Tex.1982).

Because Valley Colour did not sustain, and therefore could not have demonstrated, special damages until after the sale by Central Bank, it could not have maintained its suit to conclusion until that time. Valley Colour filed this action approximately twenty-three months after Central Bank sold the property.

---

**3.** As we noted in *Cathco,* "[S]ection 78–12–25.5(3) was amended in 1997 to extend the limitations period to five years. That change is of no

effect here, however, because we hold that the statute does not apply." Slip op. at 370 n. 3.

Thus, Valley Colour's tort claims were timely filed within the two-year period provided by section 78–12–25.5(3).

Because all of Valley Colour's claims were timely filed, the trial court erred in dismissing its complaint. We therefore reverse the trial court's order dismissing Valley Colour's complaint and remand for further proceedings.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM, and RUSSON, JJ., concur.