1999 ND 151

**Ramona C. ECKMAN, Plaintiff and Appellant,**

v.

**STUTSMAN COUNTY, Defendant and Appellee.**

No. 990050.

Supreme Court of North Dakota.

July 29, 1999.

Paul D. Johnson (submitted on brief), Paul Johnson Law Office, Fargo, for plaintiff and appellant.

Daniel L. Hovland and Scott K. Porsborg (submitted on brief), Smith Bakke Hovland & Oppegard, Bismarck, for defendant and appellee.

MARING, Justice.

[¶ 1] Ramona C. Eckman appeals from a trial court judgment following a jury verdict against her for personal injuries sus-

tained when she slipped and fell outside the Stutsman County Courthouse. Eckman contends the trial court abused its discretion in denying her motion for a change of venue. We affirm the judgment of the trial court.

I.

[¶ 2] Eckman was employed as a certified abstractor for Stutsman County Abstract Company. As part of her duties, Eckman visited the Stutsman County Courthouse on a regular basis for over ten years. On November 28, 1994, she was injured when she slipped and fell on the sidewalk at the bottom of a stairway on the west side of the courthouse. Eckman sued Stutsman County ("County") alleging her injuries were a result of the County's failure to remove accumulations of ice and snow from the sidewalk. The County denied any wrongdoing.

[¶ 3] Eckman moved for a change of venue on December 8, 1997, asserting she would not receive a fair trial in Stutsman County because it would be "impossible to keep the jury from intentionally or inadvertently viewing the site and gathering information beyond that which [was] presented in court." The County resisted the motion contending there was no evidence the jury would disregard the trial court's instructions to refrain from conducting independent investigations of the premises. The trial court denied the motion concluding it would be possible to have a fair and impartial trial in the Stutsman County Courthouse.

[¶ 4] Following a three-day trial, the nine-person jury returned a verdict in favor of the County. The trial court entered a judgment dismissing the negligence claim. Eckman appealed.

II.

[¶ 5] Eckman asserts the trial court abused its discretion in denying her motion for a change of venue because while entering and leaving the courthouse on a daily basis, the jury was able to independently examine and evaluate the very site where she was injured. She also claims the County had an opportunity to influence the jury because it "hosted" the trial. The County contends the trial court did not abuse its discretion because there is no evidence in the record to demonstrate Eckman did not receive a fair and impartial trial.

[¶ 6] Generally, an action must be brought in the county in which the defendant resides at the time of the commencement of an action. N.D.C.C. § 28–04–05; *see also Varriano v. Bang,* 541 N.W.2d 707, 711 (N.D.1996); *Jerry Harmon Motors, Inc. v. First Nat'l Bank & Trust Co.,* 440 N.W.2d 704, 708 (N.D.1989). The trial court has broad discretion to change the place for trial under N.D.C.C. § 28–04–07 when there is reason to believe a fair and impartial trial would be impossible in the county where the action is pending. *See Jerry Harmon,* at 708. A party seeking to change the venue of an action has the burden of proving the change is warranted by the facts of the case. *Cassady v. Souris River Telephone Co-op,* 520 N.W.2d 803, 805 (N.D.1994); *Haugo v. Haaland,* 349 N.W.2d 25, 27 (N.D.1984).

[¶ 7] Whether a change in venue is required to obtain a fair and impartial trial is a question of fact. *Cassady,* at 805; *see, e.g., Slaubaugh v. Slaubaugh,* 499 N.W.2d 99, 106 (N.D.1993). This Court will not overturn a trial court's decision granting or denying a motion for a change of venue unless the court abused its discretion. *See, e.g., Cassady,* at 805; *Jerry Harmon,* 440 N.W.2d at 708. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Slaubaugh,* at 106. We will consider whether a reasonable and intelligent basis for the decision is shown in the evidence. *Haugo,* 349 N.W.2d at 27.

[¶ 8] In *Slaubaugh,* 499 N.W.2d at 107, this Court concluded the trial court did not abuse its discretion in granting a plaintiff's motion to change venue. Karen Slau-

baugh was seriously and permanently injured in a motor vehicle accident when she and her husband drove through an unmarked T-intersection in Pierce County. *Id.* at 101. Karen sued Pierce County for negligence in failing to mark the intersection. *Id.* Following two days of voir dire, Karen moved for a change of venue claiming her ability to have a fair and impartial trial was hindered by the personal relationships between the prospective jurors, litigants, and witnesses. *Id.* at 102. The trial court agreed with Karen, and concluded it would be impossible to impanel a fair and impartial jury in Pierce County. *Id.* at 104.

[¶ 9] We noted "determining whether a fair and impartial trial can be had in a particular location requires an analysis of the jury as a whole and of the community where the trial is to be held." *Slaubaugh,* 499 N.W.2d at 106. After examining the factual circumstances cited by the trial court, our Court concluded there was a reasonable and rational basis for the trial court's decision to change venue. *Id.* at 107. We, therefore, determined the trial court did not abuse its discretion in granting Karen's motion. *Id.*

[¶ 10] Similarly, in *Haugo,* 349 N.W.2d at 29, this Court held the trial court did not abuse its discretion in granting Haugo's motion for a change of venue. Haugo brought an action under North Dakota's Dram Shop statute in Griggs County to recover damages for injuries sustained as a passenger in an automobile accident. *Id.* at 26–27. Haugo alleged Haaland, doing business as Coachman Inn and Cooperstown Municipal Association, doing business as the Oasis Bar, illegally sold alcohol to the driver of the automobile while he was intoxicated. *Id.* at 27. Haugo moved for a change of venue alleging she could not receive an impartial trial in Griggs County. *Id.* The trial court granted the motion concluding Haugo could not receive a fair and impartial trial in Griggs County because of the financial relationship between the Griggs County Hospital and the Coo-

perstown Municipal Association; the relatively small population of Griggs County; and the considerable publicity concerning the city judge's disposition of DUI cases. *Id.* at 28–29.

[¶ 11] Our "Court has held that in certain cases where taxpayer interest has been one of several factors in a decision to grant a change of venue, no abuse of discretion was shown." *Haugo,* 349 N.W.2d at 28 (citation omitted). After examining the evidentiary basis for the trial court's decision, we concluded the court had a reasonable and intelligent basis for granting the motion and did not abuse its discretion. *Id.* at 29. We noted, however, absent additional evidence of bias or prejudice, "[a]n affidavit which merely asserts that an action is one against a municipality and that prospective jurors are taxpayers of that municipality is insufficient to effect a change of venue pursuant to NDCC § 28–04–07(2)." *Id.; see Hanson v. Garwood Industries,* 279 N.W.2d 647, 649–50 (N.D.1979) (concluding the trial court abused its discretion in granting the plaintiff's motion for a change of venue when the plaintiff submitted a single affidavit asserting an impartial jury could not be held in a county in which one of the defendants was a major city of that county, and the prospective jurors were county taxpayers).

[¶ 12] Eckman relies on the Utah Supreme Court's decision in *Durham v. Duchesne County,* 893 P.2d 581 (Utah 1995), to support her assertion the trial court abused its discretion in this case. Although the factual circumstances of *Durham* are similar to the facts here, Eckman's reliance on the Utah decision is misplaced. Durham sued Duchesne County after slipping and falling while exiting the Duchesne County Courthouse. *Id.* at 581. He alleged the county was negligent in failing to maintain the stairway in a reasonably safe manner and failing to provide the stairway with handrails in compliance with the Uniform Building Code (UBC). *Id.* Durham filed a pretrial motion

for a change of venue under Utah Code Ann. § 63–30–17. *Id.* at 582. The trial court denied Durham's motion, and following a five-day trial the jury returned a verdict in favor of the county. *Id.* Durham appealed from the judgment contending the trial court abused its discretion in denying the motion. *Id.*

[¶ 13] The Utah Supreme Court noted it would conclude the trial court abused its discretion and reverse "if the decision exceeds the bounds of reasonability." *Durham*, 893 P.2d at 582. Durham claimed he was denied a fair trial because the jurors, as county taxpayers, had a financial interest in the outcome of the litigation and "the Courthouse was the site of the accident and consequently the jurors might improperly inspect the accident scene and form conclusions not based on the evidence produced at trial." *Id.* The county asserted the trial court did not abuse the broad discretion mandated by Utah Code Ann. § 63–30–17. *Id.* That statute provided in pertinent part: "Actions against a county may be brought in the county in which the claim arose, or in the defendant county, or, *upon leave granted by a district court judge of the defendant county*, in any county contiguous to the defendant county. Leave may be granted ex parte." *Id.* (emphasis added by the Utah Supreme Court). After noting Utah's general transfer statute requires specific grounds for transferring venue and Section 63–30–17, Utah Code Ann. does not, the court concluded: "[W]e are persuaded that as a general rule, requests to transfer venue pursuant to this section [Utah Code Ann. § 63–30–17] should be liberally granted." *Id.* at 583. The court determined the trial court

abused its discretion in denying the motion for a change of venue. *Id.* at 584.

[¶ 14] Here, Eckman moved for a change of venue under N.D.C.C. § 28–04–07, North Dakota's general transfer of venue statute. The court in *Durham*, 893 P.2d at 583, specifically distinguished Utah's general transfer of venue statute from Utah Code Ann. § 63–30–17, the statutory provision at issue.[1] The facts of the present case pertinent to change of venue are also distinguishable from the facts discussed in *Durham*. The facts in *Durham* included the small taxpayer base of the county; a juror's vocalized concern the lawsuit would bankrupt the county; Durham's out-of-state residency status; the jurors close physical proximity to county officials and their offices throughout the trial; and the possibility "[j]urors could view the accident scene on a daily basis, possibly forming independent conclusions not based on the evidence adduced at trial." *Id.* at 583–84.

[¶ 15] Here, there are no such compelling circumstances shown by the record. To establish prejudice Eckman relies on the bare assertions that the jurors might improperly view the premises where she fell, and that the County was the "host" of the trial. The trial court denied Eckman's motion for a change of venue concluding:

The Court is of the opinion that an impartial trial can be held at the Stutsman County Courthouse. The Plaintiff argues that the jurors may make an "independent investigation" of the premises whe[re] the accident occurred. As noted by Defendant's attorney, the Court would most likely grant a request

---

1. Utah's general change of venue statute, Utah Code Ann. § 78–13–9, is similar to N.D.C.C. § 28–04–07 and provides as follows:
 The court may, on motion, change the place of trial in the following cases:
 (1) when the county designated in the complaint is not the proper county;
 (2) when there is reason to believe that an impartial trial cannot be had in the county, city, or precinct designated in the complaint;

 (3) when the convenience of witnesses and the ends of justice would be promoted by the change;
 (4) when all the parties to an action, by stipulation or by consent in open court entered in the minutes, agree that the place of trial may be changed to another county. Thereupon the court must order the change as agreed upon.
 *See also Durham v. Duchesne County*, 893 P.2d 581, 583 n. 3 (Utah 1995).

to view the premises. The jury can be instructed prior to trial to view the premises in the context of the instructions given to them by the Court.

As suggested, the trial court admonished the jury immediately after having sworn them in:

As Mr. Johnson and Mr. Hovland will show you, this incident took place outside this building. You will be passing that spot as you enter and leave and I'm going to admonish you simply to go by there, go on your way, not do any kind of independent investigation of any kind as to the area where this took place and just rely on the information as much as possible as you received here in the courtroom.

[¶ 16] Although not specifically argued in her brief, Eckman suggests in addition to the trial court's admonishment the jury should have been instructed using pattern jury instruction NDJI—Civil 1635 which provides in pertinent part:

You have been permitted to view the [premises] [property] involved in this case solely to help you understand the evidence received during the trial and to assist you in weighing the evidence and determining the credibility of the witnesses. A view of the [premises] [ ] [property] does not allow you to consider matters outside the evidence received in Court.

While you need not shut your eyes to what you see when an inspection is allowed by the Court, and while you may, [even on a matter of opinion as to value,] weigh the evidence of the witnesses in the light of your own examination of the property, your verdict must be within the limits of the evidence received. Your verdict cannot rest alone upon your mere inspection of the [premises] [property].

A similar instruction may have been helpful in this case. There is no evidence in the record provided on appeal, however, that either party requested this instruction.

 [¶ 17] The transcript on appeal consists of a four-page partial transcript of the proceedings following voir dire. Under N.D.R.App.P. 10(b) it is the appellant's duty to order a transcript of the proceedings. "We have previously warned: 'The appellant assumes the consequences and the risk for the failure to file a complete transcript.'" *See, e.g., Sabot v. Fargo Women's Health Organization, Inc.,* 500 N.W.2d 889, 892 (N.D.1993) (citation omitted); *Leingang v. George,* 1999 ND 32, ¶ 18, 589 N.W.2d 585. Absent a complete transcript of the proceedings, we will not speculate whether the parties argued the applicability of NDJI—Civil 1635 to the trial court, and we will not speculate about what was discussed on voir dire.

[¶ 18] The record that we do have demonstrates the jury was admonished to view the sidewalk outside the courthouse only in the context of the trial court's instructions. There is no evidence to suggest the jury disregarded that admonishment. Further, although Eckman claims she was prejudiced because the County "hosted" the trial, she fails to cite to any evidence in the record to demonstrate she was denied a fair and impartial trial because of this venue. We decline to conclude it is per se prejudicial to hold a trial in the courthouse where the accident occurred. After reviewing the record provided on appeal, we conclude the trial court did not abuse its discretion in denying Eckman's motion for a change of venue.

## IV.

[¶ 19] The judgment of the trial court is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.