## COMMISSIONER OF INTERNAL REVENUE v. HARLAN.

No. 7748.

Circuit Court of Appeals, Ninth Circuit.
Dec. 17, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, M. H. Eustace, and Louise Foster, Sp. Assts. to the Atty. Gen., for petitioner.

Charles W. Slack and Edgar T. Zook, both of San Francisco, Cal., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a decision of the United States Board of Tax Appeals which found that the salary and compensation derived by the taxpayer from the Golden Gate Bridge and Highway District for his services as an attorney at law were exempt from taxation as income by reason of the governmental character of the Bridge District. The Commissioner of Internal Revenue appeals.

The Golden Gate Bridge and Highway District was formed under the Bridge and Highway District Act of California (Stats. 1923, c. 228 [pages 452, 453, 456, 463, 464], title and sections 3, 4, 21 and 23, amended 1925, Stats. 1925, c. 387 [pages 714, 715, 719, 720]) for the purpose of constructing a bridge across the Golden Gate, as a part of the highway system of the state of California. The petitioner contends that the Golden Gate Bridge and Highway District is not a governmental agency engaged in carrying out an essential governmental function, and, furthermore, that respondent is not an officer or employee of the district, but is an independent contractor. Thus petitioner contends that the principle that the federal government cannot tax the means and instrumentalities of the states has no application to the case at bar. The nature and character of the Bridge District has been repeatedly before the courts, and in view of its obvious public and governmental purpose, it will be sufficient to refer to a few of these decisions for the facts and the law with reference to such organization. Golden Gate Bridge and Highway District v. Felt, 214 Cal. 308, 5 P.(2d) 585; Wheatley v. Superior Court of Napa County, 207 Cal. 722, 279 P. 989; Doyle v. Jordan, 200 Cal. 170, 252 P. 577; Garland Co. v. Filmer (D.C.) 1 F.Supp. 8. That the maintenance of highways, and consequently of bridges and ferries connecting the same, by the government or its subdivisions is the exercise of an essential governmental function is so well established that we content ourselves with a reference to a few of the numerous decisions to that effect. United

States v. King County (C.C.A.) 281 F. 686; Butler v. Perry, 240 U.S. 328, 36 S.Ct. 258, 60 L.Ed. 672; Atkin v. Kansas, 191 U.S. 207, 221, 24 S.Ct. 124, 48 L.Ed. 148; Hart v. Bridgeport, 11 Fed.Cas. 681, No. 6,149.

Petitioner contends that because section 10 of the Bridge and Highway District Act conferred upon the Golden Gate Bridge and Highway District the "power * * * to sue and be sued" it changed the governmental character of the agency. Immunity from suit is an inherent quality of sovereignty. The fact that a sovereign may waive its immunity does not alter its nature or affect the governmental character of the function its agency may be performing.

The petitioner further contends that as the Bridge and Bay District under the Act of March 23, 1906, c. 1130, 34 Stat. 84 (33 U.S.C.A. §§ 491–498) was required to obtain the approval of its bridge plans by the Secretary of War and the Chief of Engineers, the state in the construction of the bridge was not acting in its sovereign capacity, because state control must be exclusive and supreme in order to afford a basis for the doctrine of immunity. The cases cited by petitioner do not support his contention, nor is the position correct. The fact that the state may be limited by the federal government in carrying out its essential governmental functions does not change the nature of those functions.

It remains to consider whether the respondent is an officer of the Bridge District. It is established that the salary of the officers of such a governmental organization of the state is not income taxable by the federal government. Commissioner v. Ten Eyck (C.C.A.) 76 F.(2d) 515. The office of the attorney was created by the Bridge and Highway District Act. His duties were defined by that act and later more specifically fixed by the board of directors of the district. He gave a bond for the faithful performance of his duties as was required by section 12 of the act (St.Cal. 1923, p. 460) which provides that: "The general manager * * * and attorney, and all other officers or assistants of said district who may be required to do so by the board of directors, shall give such bonds to the district." Respondent also took an oath as required by section 3, article 20 of the Constitution of the state of California for executive and judicial officers. His salary was fixed by the directors of the district under section 8 of the act (St.Cal. 1923, p. 459) which provides that:

"The board of directors shall appoint an attorney and all subordinate officers not provided to be appointed by the general manager, and shall fix their salaries." The respondent held his position at the pleasure of the board. A definite term is not a necessary attribute of an office.

Petitioner contends that respondent was an independent contractor and not an officer for the reason that by virtue of the nature of his employment he was obliged to use his own discretion in the conduct of his duties. It is true that this is an element to be considered in determining whether he is an officer or an independent contractor. Childers v. Commissioner, 80 F.(2d) 27. The test of his status is not the amount of control exercised over him in the performance of his duties, but whether he is an officer. In Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 173, 70 L. Ed. 384, the Supreme Court had under consideration the question of the taxability of the compensation of a firm of engineers performing services for public corporations. In deciding the question of whether the firm was exempt from the tax upon the ground that the engineers were officers of the district, the court defined an office as follows: "An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation." . The court in that case held that the taxpayers were not officers.

In Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 173, 79 L.Ed. 291, the question before the Supreme Court was whether the members of the board of trustees of the Boston Elevated Railway Company were constitutionally exempt from the imposition of a federal income tax upon their compensation on the ground that the trustees were officers of Massachusetts and instrumentalities of its government. The Massachusetts Act (Sp. Acts Mass. 1918, c. 159) there under consideration established the board, defined the duties of the members, required them to take an oath of office, and fixed their compensation. The Supreme Court in that case held that the trustees were officers of the state and in referring to this point said: "The term 'public office' undoubtedly implies a definite assignment of public activity, fixed by appointment, tenure, and duties." However, the

taxpayers in that case were denied the exemption because the state, in operating the street railway, was not exercising an essential governmental function.

The taxpayer in the case at bar was clearly an officer of the district which was performing an essential governmental function. The only exemption claimed is as to the salary regularly fixed and paid for his services as such officer. The Board of Tax Appeals correctly held that such salary was exempt.

Affirmed.