[Civ. No. 5507. Fourth Dist. Jan. 21, 1957.]

RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT, Respondent, v. JOSEPH W. WOLFSKILL COMPANY (a Corporation), Appellant.

Trent G. Anderson, Jr., for Appellant.

Ray T. Sullivan, Jr., County Counsel (Riverside), for Respondent.

COUGHLIN, J. pro tem.*—This is an action in eminent domain seeking the condemnation of real property in the county of Riverside for a flood control channel. Besides appellant, which was a corporation with offices in the county of Los Angeles, the named defendants are John M. Coudures, Jr., and the county of Riverside. In due course, appellant moved for a change of venue upon the ground that "a fair and impartial trial cannot be had in the county of Riverside and . . . the county of Riverside is a party to said action." The motion was made upon an affidavit; opposed by a further affidavit; submitted thereon; and denied.

This appeal is from the order of denial. For reversal, reliance is placed upon the provisions of subparagraph 2 of section 397 and section 394 of the Code of Civil Procedure. The former code section provides that "The court may, on

*Assigned by Chairman of Judicial Council.

motion, change the place of trial . . . 2. When there is reason to believe that an impartial trial cannot be had therein.''

The affidavit in support of the motion alleges that it will be impossible to have a fair and impartial trial in the county of Riverside because the property proposed to be taken in this action is intended for use as part of a flood control project in the Perris and San Jacinto Valleys; that the cities of Perris, San Jacinto and Hemet, which are located therein, have a total population approximating 20,000 people; that the advantages of the project in question have been widely publicized; that appellant tried to obtain the issuance of an injunction to prevent the diversion of flood waters on to its lands as a part of the proposed plan, which action was the source of considerable comment in the newspapers of the cities of Riverside, Perris, San Jacinto and Hemet, wherein appellant was portrayed as trying to prevent construction of the flood control channels which are a part of the project; that the cost of purchasing appellant's property will be paid out of county funds and, for this reason, every person who is a taxpayer has an adverse interest; and that in a proceeding to fix the deposit security required by law, the plaintiff filed affidavits, which are public records, containing allegations with respect to the purchase price of other lands acquired for the project.

The opposing affidavit alleged that none of the newspaper articles were of an inflammatory nature, but objectively presented the issue; that the purchase of the property will not be financed by county funds, but by an ad valorem tax against property in zone four of the plaintiff district wherein the population approximates only one-tenth of the total population of Riverside County; and that jurors are drawn from the whole county.

In support of its position that the motion for change of venue should have been granted under section 397 of the Code of Civil Procedure, appellant cites the case of *People* v. *Ocean Shore Railroad, Inc.,* 24 Cal.App.2d 420, 427 [75 P.2d 560], wherein an order of the trial court granting such a motion was affirmed. In that case the court said:

"Whether or not a change of venue should be granted because of reason to believe that an impartial trial cannot be had in the county where the action is properly commenced is a question first addressed to the sound discretion of the trial court. On appeal this court may review such ruling only to the extent of inquiring whether the same constituted

an abuse of that discretion. . . . We cannot say that the trial court abused the discretion which is by law vested in it unless it clearly appears that the evidence adduced at the hearing of the motion does not as a matter of law justify such determination. . . . The burden of pointing out such deficiency in the evidence is upon appellant. This burden appellant has here failed to sustain."

This statement of the law, basic to the affirmance of the order in the cited case, impels affirmance of the order in the case at bar on the point in issue. Those allegations of the conflicting affidavits which sustain the order and those inferences in support thereof must be accepted by this court. (*Gordon* v. *Perkins,* 203 Cal. 183, 186 [263 P. 231] ; *Blumer* v. *Kirkman Corp.,* 38 Cal.2d 480, 484 [241 P.2d 17].)

 Whether the publication of articles in the newspapers casting the appellant in an unsympathetic role, the feeling of the people in the project area, approximating one-tenth of the county's population, and the court proceedings incident to a determination of the amount of the security deposit, afforded any reason to believe that an impartial trial could not be had in the county of Riverside was a question of fact. The decision of the trial court thereon is supported by the record. The fact that the costs awarded in the condemnation proceedings may be paid by some of the taxpayers in the district did not disqualify them as jurors (*People* v. *Spring Valley Co.,* 109 Cal.App.2d 656, 663 [241 P.2d 1069]), and would constitute no reason for believing that an impartial trial of the action could not be had in the county.

 Section 394 of the Code of Civil Procedure, also relied upon by appellant, provides that an action against a county may be tried in such county unless such action is brought by a county, in which case it may be tried in any county not a party thereto, and when an action is brought by a county against a corporation doing business in another county, the action must be transferred for trial to a county other than the plaintiff or in which the defendant is doing business. It is apparent that the fact that the county of Riverside is a party defendant does not authorize a change of venue under this code section.

 Appellant contends that the plaintiff Riverside County Flood Control and Water Conservation District "is in essence and nature a county within the meaning of" said section 394. It is argued that the district is in all respects the arm and agency of the county because it exercises functions which his-

torically have been county functions, and the board of supervisors of the county is ex-officio its governing body. However, the district was created by the Legislature (Stats. 1945, ch. 1122) and is an agency of the state. (*People* v. *Sacramento Drainage Dist.*, 155 Cal. 373, 382 [103 P. 207] ; *Argyle Dredging Co.* v. *Chambers*, 40 Cal.App. 332, 340 [181 P. 84].)

The real burden of appellant's argument is that the reasons for granting a change of venue of an action in which a county is plaintiff are equally cogent reasons for granting a change of venue of an action in which such a district is plaintiff. This is a legislative and not a judicial problem. In *People* v. *Spring Valley Co.*, 109 Cal.App.2d 656, 669-670 [241 P.2d 1069], the court said:

"The Legislature, in many instances, has not provided for change of venue in cases where the plaintiff public entity has the complete financial responsibility. Such situations, for example, are reclamation, irrigation, and other special districts. . . . If the Legislature had intended the section to apply whenever a county has an indirect interest in an action, it could easily have said so."

A county and a flood control and water conservation district are distinct entities. The power to provide for a change of venue of actions involving either or both of these entities is with the Legislature.

The order appealed from is affirmed.

Barnard, P. J., and Mussell, J., concurred.