[L.A. No. 30242. In Bank. Apr. 17, 1974.]

PAUL GARRETT et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
RIVERSIDE COUNTY FLOOD CONTROL AND WATER
CONSERVATION DISTRICT, Real Party in Interest.

COUNSEL

Fadem, Kanner, Berger & Stocker, Gideon Kanner and Allen J. Kwawer for Petitioners.

No appearance for Respondent.

Ray T. Sullivan, Jr., County Counsel, Gerald J. Geerlings and Peter H. Lyons, Deputy County Counsel, for Real Party in Interest.

OPINION

**BURKE, J.**—In this case we determine whether real party in interest, Riverside County Flood Control and Water Conservation District (District) is a "local agency" under Code of Civil Procedure section 394,[1] per-

---

[1] In pertinent part section 394 states: "(1) . . . . Whenever an action or proceeding is brought by a county, city and county, city, or *local agency within a*

taining to motions for change of venue. We hold that District is a local agency and consequently that petitioners (Owners) are entitled, under section 394, to change of venue as a matter of right.[2]

In July 1973 District filed a complaint in eminent domain to acquire the property of Owners in order to construct a storm control channel. Owners moved to transfer venue to a neutral county pursuant to section 394. District opposed this motion, contending that it was not a "local agency" within the meaning of the statute; rather it claimed to be an agency of the *state* and thus specifically excluded from coverage under section 394, subdivision (3). The trial court denied Owners' motion, and Owners now seek a writ of mandate to compel the court to transfer the cause. (See Code Civ. Proc., § 400.)

District relies primarily upon dictum in another eminent domain action in which it was a party, *Riverside etc. Dist.* v. *Jos. W. Wolfskill Co.*, 147 Cal.App.2d 714 [306 P.2d 22]. The *Wolfskill* case involved an earlier version of section 394, which, until amended in 1970, applied only to cities and counties, and not to "local agencies." The only question raised in that case was whether the pre-1970 version of section 394 could be construed to include District on the grounds that it was "in essence and nature a county." (*Id.,* p. 717.) The court determined that District and Riverside County were distinct entities and that section 394 was therefore inapplicable. The court went on to note that District "was created by the Legislature . . . and is an agency of the state." (*Id.,* p. 718.) This language was irrelevant to an interpretation of section 394 as it then read and, of course, was unnecessary to the decision. Accordingly, *Wolfskill* is not controlling in the instant case.

Section 394 presently distinguishes between "local" and "state" agencies. In interpreting the meaning of those words, we must give great weight to the intention of the Legislature in enacting the section. (Code Civ. Proc.,

---

certain county, or city and county, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, or a local agency, and other than that in which the defendant resides, or is doing business, or is situated. . . . (3) For the purposes of this section, 'local agency' shall mean *any governmental district,* board, or agency, or any other local governmental body or corporation, but shall not include the State of California or any of its agencies, departments, commissions, or boards." (Italics added.)

[2]Each of the four petitioners is an owner of land within District who resides outside of Riverside County.

§ 1859.)[3] ■ As we have long held, the purpose underlying the mandatory change of venue provision in section 394 " 'is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds.' " (*Finance & Construction Co.* v. *Sacramento,* 204 Cal. 491, 493 [269 P. 167].) ■ Furthermore, as remedial legislation the section is to be liberally construed. (*Id.*)

■ It clearly promotes the evident purpose of section 394 to include District within the category of "local agencies," thereby permitting a party sued by District to change venue to a neutral county. District is the type of "local agency within a certain county" which has a potentially prejudicial advantage in a condemnation suit against a nonresident defendant. The Riverside County Board of Supervisors acts ex officio as the board of supervisors of District and it is likely that these officials have a close relationship with the county courts. Although there are other water districts and zones within Riverside County, it is still possible that a Riverside County juror will also be a District taxpayer with an interest in keeping the condemnation award unreasonably low. This situation would be precisely one which the Legislature must have intended to avoid by enacting section 394.

■ Let a writ of mandate issue directing respondent court to order a change of venue to a "neutral county."

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

---

[3]Previous judicial references to "state agencies" in other contexts are not helpful. For example, in *Ivanhoe Irr. Dist.* v. *All Parties,* 47 Cal.2d 597 [306 P.2d 824], our reference to an irrigation district as an "agency of the state" was made only to emphasize that the district, as well as the state, is held to the strict fiduciary standard of a trustee. In holding that this shared fiduciary duty owed to domestic water users survives assignment and continues to bind an assignee, we were not concerned with the quite different policy consideration presented by a motion for change of venue. Nor is *Morrison* v. *Smith Bros., Inc.,* 211 Cal. 36 [293 P. 53], apposite; in that tort liability case, we distinguished the immunity of irrigation, reclamation or drainage districts from that of "quasi-municipal corporations" on the theory that the former are "state agencies, performing a governmental function." See also *Hall* v. *City of Taft,* 47 Cal.2d 177, 181 [302 P.2d 574], wherein we refer to school districts as agencies of the state in upholding the supremacy of state legislative enactments over municipal ordinances when both attempt to regulate schools.