[Civ. No. 18720. Fourth Dist., Div. One. July 16, 1979.]

H.K.H. COMPANY, Petitioner, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
HOUSING AUTHORITY OF THE CITY OF CALEXICO,
Real Party in Interest.

**COUNSEL**

Kranitz, Sarrow & Imerman and Jerome H. Sarrow for Petitioner.

No appearance for Respondent.

Boggust & Rollins and Mark W. Rollins for Real Party in Interest.

**OPINION**

**COLOGNE, J.**—H.K.H. Company, a partnership consisting of Los Angeles County residents, seek a writ of mandate to review a trial court order of January 10, 1979, denying its motion to change venue to a neutral county, pursuant to Code of Civil Procedure section 394, subdivision (1).

The Housing Authority of the City of Calexico (Housing Authority) brought this action against H.K.H. for specific performance, declaratory relief and an injunction. H.K.H. moved for change of venue and after denial sought a writ of mandate compelling the change. This court

originally denied the petition, the California Supreme Court granted the petition for hearing and transferred it back to this court with direction to issue an alternative writ of mandamus. We issued our alternative writ and the matter was argued.

Code of Civil Procedure section 394, subdivision (1), reads as follows:

"·     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     "·     .     .     .     .     .

" . . . Whenever an action or proceeding is brought by a . . . local agency within a certain county, . . . against a resident of another county, . . . the action or proceeding must be, on motion of either party, transferred for trial to a county, . . . other than that in which the plaintiff is situated, if the plaintiff is . . . a local agency, and other than that in which the defendant resides, or is doing business, or is situated. . . . When the action or proceeding is one in which a jury is not of right, or in case a jury be waived, then in lieu of transferring the cause the court in the original county may request the chairman of the judicial council to assign a disinterested judge from a neutral county to hear said cause and all proceedings in connection therewith. . . ."

A "local agency" as it applies to this section is defined in subdivision (3) as follows: "(3) For the purposes of this section, 'local agency' shall mean any governmental district, board, or agency, or any other local governmental body or corporation, but shall not include the State of California or any of its agencies, departments, commissions, or boards."

■    Section 394 must be liberally construed to effectuate its purpose to guard against local prejudices which sometimes exist in favor of litigants within a county as against those without and to secure to both parties to a suit a trial on a neutral ground. (*Garrett* v. *Superior Court,* 11 Cal.3d 245, 248 [113 Cal.Rptr. 152, 520 P.2d 968]; *Westinghouse Electric Corp.* v. *Superior Court,* 17 Cal.3d 259, 266 [131 Cal.Rptr. 231, 551 P.2d 847].)

■    The Housing Authority is a "local agency," within the meaning of subdivision (3) since regardless of where and how it gets its funds, its board consists of persons appointed by the City Council of Calexico and it has the power to hire contractors and employees and dispense monies to local persons. Its primary purpose is to provide local direction in performance of its duties to administer the federally funded public housing program. The possibility of prejudice favoring local interests exists. The law is intended to avoid the potential of such prejudice

(*Garrett* v. *Superior Court, supra,* 11 Cal.3d 245, 248). Using an assigned judge from a neutral county may be appropriate under the statute, but here there exists a strong probability a jury will be needed so that will not solve the problem.[1] Accordingly, the matter should be tried outside of Imperial County.

Let a peremptory writ of mandamus issue directing the respondent court to order a change of venue to a neutral county.

Brown (Gerald), P. J., and Staniforth, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied August 8, 1979.

---

[1]While the complaint does not present issues which would necessitate a jury trial, counsel for H.K.H. points out the case is not at issue and he is considering filing a cross-complaint in law which would permit a jury trial. Additionally, an advisory opinion on some of the factual matters might be appropriate and moving the trial outside the county would make such a request more meaningful.