[Civ. No. 29147. Fourth Dist., Div. Two. Apr. 13, 1983.]

TRENT G. ANDERSON, JR., et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
RIVERSIDE COUNTY FLOOD CONTROL AND WATER
CONSERVATION DISTRICT et al., Real Parties in Interest.

[Civ. No. 29498. Fourth Dist., Div. Two. Apr. 13, 1983.]

TRENT G. ANDERSON, JR., et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
RIVERSIDE COUNTY FLOOD CONTROL AND WATER
CONSERVATION DISTRICT, Real Party in Interest.

**COUNSEL**

Fadem, Berger & Norton, Michael M. Berger and Diane E. Berley for Petitioners.

No appearance for Respondents.

Gerald J. Geerlings, County Counsel, Peter H. Lyons and Jay G. Vickers, Deputy County Counsel, for Real Parties in Interest.

## OPINION

**KAUFMAN, Acting P. J.**—Petitioners seek peremptory writs of mandate to compel the Orange County Superior Court to vacate its order retransferring a condemnation action to the Riverside County Superior Court for trial and to compel the Riverside County Superior Court to vacate its order striking petitioners' amended answer to the complaint after the action was retransferred to it. Originally we denied without opinion the petition for mandate to the Orange County Superior Court. However, the Supreme Court granted hearing and retransferred that proceeding along with an original petition for mandate to the Riverside County Superior Court to this court with directions to issue alternative writs. We complied. The matters are now properly before us for determination and have been consolidated for opinion and disposition.

### Facts

The underlying condemnation action was instituted in the Riverside County Superior Court by the Riverside County Flood Control and Water Conservation District (the district) to acquire a 19-acre parcel of property in Riverside County for a flood control channel.

Title to the property is held in the name of Title Insurance and Trust Company (hereafter TI) as trustee, and TI was the defendant named by the district in its action.[1] However, an answer, later amended, was filed on behalf of TI and Wolfskill Pedrorena Company (Wolfskill), a limited partnership whose limited partners are the 22 beneficiaries of the trust under which TI holds title and who are the petitioners in the proceeding.

Two of the general partners of Wolfskill are not residents of Riverside County and the Riverside County Superior Court accordingly transferred the action for trial to the Orange County Superior Court pursuant to stipulation of the parties under section 394.[2]

---

[1]Also named as a defendant was one Herman E. Smith, but Smith filed a disclaimer early on and is no longer involved in the action nor is he a party to this proceeding.

[2]All statutory references will be to the Code of Civil Procedure unless otherwise specified.

Section 394 provides in pertinent part: "Whenever an action or proceeding is brought by a . . . local agency within a certain county, . . . against a resident of another county, . . . the action or proceeding must be, on motion of either party, transferred for trial to a county, . . . other

However, after transfer of the action to Orange County, it was learned that Wolfskill only manages the property and owns no interest in it, so Wolfskill filed a disclaimer pursuant to section 1250.325. However, on the same day, the 22 trust beneficiaries (petitioners), claiming to be the equitable owners of the property, filed an answer and later an amended answer to the complaint pursuant to section 1250.230.[3] Twenty-one of the twenty-two trust beneficiaries are not residents of Riverside County.

Claiming that TI was the only proper party defendant in the case and that because TI does business in all California counties retransfer of the case to Riverside County was appropriate, the district moved to return venue to Riverside County. On the first ground, it also shortly thereafter generally demurred to and moved to strike petitioners' amended answer. Concluding that TI was the only proper party defendant, the Orange County Superior Court ordered the case retransferred to Riverside County.

After retransfer of the action to Riverside County the Riverside Superior Court, also concluding that TI was the only proper party defendant and that petitioners were not entitled to appear in the action, dismissed petitioners' amended answer.

### Discussion

The change of venue to a neutral county provided for in section 394 is mandatory; its purpose " ' "is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds." ' " (*Garrett* v. *Superior Court* (1974) 11 Cal.3d 245, 248 [113 Cal.Rptr. 152, 520 P.2d 968], quoting *Finance & Construction Co.* v. *Sacramento* (1928) 204 Cal. 491, 493 [269 P. 167].) The district is a local agency within the meaning of section 394 (*id.*, at pp. 246-247), and 21 of petitioners are residents of a county other than Riverside. Thus, unless petitioners had no right to appear in the action, the order of the Orange County Superior Court retransferring the action to Riverside County was contrary to the statute.

Similarly, if petitioners had the right to appear in the action, the Riverside County Superior Court was without authority to strike their amended answer.

Section 1250.230 authorizes "[a]ny person who claims a legal or equitable interest in the property described in the complaint" to appear in a con-

---

than that in which the plaintiff is situated if the plaintiff is . . . a local agency. . . . [¶] For the purposes of this section, 'local agency' shall mean any governmental district, board, or agency, or any other local governmental body or corporation . . . ."

[3]Section 1250.230 reads in part: "Any person who claims a legal or equitable interest in the property described in the complaint may appear in the proceeding."

demnation action. (See fn. 3, *ante.*) Section 1235.125 provides: "When used with reference to property, 'interest' includes any right, title, or estate in property."

The district points out that the trust under which TI holds title to the property was created between TI, as trustee, and the shareholders of Joseph W. Wolfskill Company, a California corporation in voluntary dissolution, as part of a plan for liquidation of the corporation "so that an orderly sale of the subject property [could] be made and the proceeds distributed" to the former shareholders and that the interest of each of the beneficiaries under the trust is expressly declared to be personal property and is transferable under certain conditions. The district argues that under Civil Code section 863[4] the beneficiaries of an express trust have no interest or estate in the property constituting the corpus of the trust, but only a personal property right to enforce performance of the trust. (See generally in accord: *Botsford* v. *Haskins & Sells* (1978) 81 Cal.App.3d 780, 784 [146 Cal.Rptr. 752], and authorities there cited.) The district therefore contends that TI, as trustee, is the only proper party defendant and that petitioners, having no interest or estate in the property described in the complaint but only in the proceeds of the condemnation, are not entitled to appear in the action. (See *Hidden* v. *Davisson* (1875) 51 Cal. 138; see also 2 Nichols on Eminent Domain (3d ed. 1980) § 5.10, p. 5-174.)

We would in all probability agree with the district were this the type of trust in which the trustee was given extensive powers over the trust property, including, perhaps, the power to sell, lease or encumber it in whole or in part; but, here, such is not the case.

The exclusive purpose of the trust is to sell the property and to distribute the proceeds to the beneficiaries. However, the trust agreement provides that the trustee may do so only at the direction of two-thirds of the beneficiaries. The trust exists only to facilitate sale of the property without the necessity of obtaining signatures from 22 beneficiaries on each sale document and to avoid the need for probate court approval if a beneficiary should die during the sale.

The trustee cannot, except upon such terms and conditions as are specified in writing by two-thirds of the beneficiaries, ". . . sell, lease, exchange or transfer the subject property; nor shall Trustee have any authority to invest or reinvest the proceeds of any sale, exchange, or lease rental received, it being the sole purpose of Owners to liquidate their interests in the subject property . . . ." Nor is the trustee under any obligation "[t]o do any act relating to the

---

[4]Civil Code section 863 reads: "Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the Trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

subject property by virtue of which it shall assume or incur any liability or responsibility of any character; . . ." Further, Wolfskill is responsible for the management of the property and the agreement provides that "[a]ll rents from the subject property shall be collected by [Wolfskill]."

Thus, the trust is a naked, dry trust, and the beneficiaries are the real owners of the property. (*Ringrose* v. *Gleadall* (1911) 17 Cal.App. 664, 670-671 [121 P. 407]; see also *Engineering etc. Corp.* v. *Longridge Inv. Co.* (1957) 153 Cal.App.2d 404, 409 [314 P.2d 563].)

We conclude the beneficiaries have an equitable interest in the property described in the complaint and have a right to appear in the action pursuant to section 1250.230.

### Conclusion and Disposition

It follows that the order of the Orange County Superior Court retransferring the case to Riverside was erroneous, but it would serve no useful purpose to issue a peremptory writ commanding that court to vacate its order because the case has already been transferred to Riverside County and the parties appear to be agreed that Orange County is not a proper place for trial of the action under section 394 because a number of the petitioners reside in that county. Accordingly, both writ proceedings will be disposed of by a single peremptory writ directed to the Riverside County Superior Court.

Let a peremptory writ of mandate issue to the Riverside Superior Court commanding it to vacate its order striking petitioners' amended answer and to make orders (1) denying the district's motion to strike petitioners' amended answer and (2) transferring the action for trial to an appropriate county pursuant to section 394.

The alternative writs heretofore issued are discharged. Petitioners shall recover their costs in these proceedings.

McDaniel, J., and Rickles, J., concurred.