[No. D031287. Fourth Dist., Div. One. Oct. 5, 1998.]

NORMA E. CLAYTON, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
CITY OF SAN DIEGO, Real Party in Interest.

## COUNSEL

Palmieri, Tyler, Wiener, Wilhelm & Waldron, Frank C. Rothrock and Gary C. Weisberg for Petitioner.

No appearance for Respondent.

Daley & Heft, Dennis W. Daley and Scott Noya for Real Party in Interest.

## OPINION

**WORK, Acting P. J.**—Norma E. Clayton, a resident of Orange County, petitions this court to mandate the Superior Court of San Diego County to grant her motion to transfer this eminent domain proceeding to a neutral forum pursuant to Code of Civil Procedure[1] section 394, subdivision (a). She correctly contends the court erred in determining she waived her right to transfer this action under section 1255.260 when she withdrew the condemner city's deposit of probable compensation. After reviewing the relevant statutes, we conclude the trial court erred in equating a condemnee's statutory venue-transfer right with a "claim" or "defense" to an eminent domain taking which is deemed waived once a condemnee withdraws deposited funds. (§ 1255.260.) We grant the petition, issue the writ, and direct the Superior Court to vacate its order denying Clayton's motion and to issue an order granting the motion.

### I.

The City of San Diego (City) filed a complaint in eminent domain to acquire Clayton's property to enable it to construct a major street. The City

---

[1]All statutory references are to the Code of Civil Procedure.

deposited $47,000 with the court pursuant to sections 1255.010 and 1255.070, as probable compensation for the property and obtained an order for immediate possession. The court permitted Clayton to withdraw the deposited funds upon stipulation of the parties. (§ 1255.260.)

Clayton requested a mandatory transfer of the only remaining issue, adequacy of compensation, to a neutral county (§ 394, subd. (a)).[2] The City opposed the motion, contending Clayton statutorily waived her right to a neutral site forum by withdrawing the funds deposited as probable compensation. Section 1255.260 provides: "If any portion of the money deposited pursuant to this chapter is withdrawn, the receipt of any such money shall constitute a waiver by operation of law of all claims and defenses in favor of the persons receiving such payment except a claim for greater compensation." Accepting City's argument that the statutory right to have the disputed monetary issues litigated in a neutral forum is the equivalent of a claim made in or defense to a condemnation action, the trial court denied Clayton's motion. (See § 400.)

## II.

The sole issue presented is whether the withdrawal of a deposit of probable compensation under section 1255.260 results in the waiver of a nonresident condemnee's otherwise absolute right to have the action transferred to a neutral county (§ 394). The City contends the right to have an action transferred is a "claim" within the meaning of section 1255.260. Clayton counters that construing "claim" to include the procedural right to transfer reaches the absurd conclusion a property owner gives up the right to litigate issues in a neutral forum by withdrawing the deposit.

The City's argument ascribes an unreasonably expansive meaning to the word "claim." Here, the venue and the condemnation statutes serve independent purposes. Construing the word "claim" in section 1255.260 as including the right to transfer to a neutral forum fails to recognize the different policies each statute is designed to promote.

We start with the recognition that interpretation of a statute is a question of law which we review de novo. (*Building Industry Assn.* v. *City of Oceanside* (1994) 27 Cal.App.4th 744, 771 [33 Cal.Rptr.2d 137].) The rules of statutory construction require us to ascertain the intent of

[2]Section 394, subdivision (a) states in part: "[A]n action or proceeding brought by a . . . city, . . . against a resident of another county, . . . shall be, on motion of either party, transferred for trial to a county, . . . other than that in which the plaintiff is situated, if the plaintiff is a city, . . . and other than that in which the defendant resides . . . ."

the Legislature so as to effectuate the purpose of the law. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) The words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. (*Id.* at p. 1387.) When the language is susceptible of more than one reasonable interpretation, we look to the legislative history of the statute and the wider historical circumstances of its enactment in ascertaining the legislative intent. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) ▮ Therefore, to determine whether the Legislature intended the transfer of an action under section 394 to be a "claim" within the meaning of section 1255.260, we review not only the language of section 1255.260 but the legislative enactments of which it is a part.

In arguing the transfer of an action under section 394 is a "claim" within the meaning of section 1255.260, the City focuses on the word "claim" in isolation. Relying on the definition of a "claim" in *Abifadel* v. *Cigna Ins. Co.* (1992) 8 Cal.App.4th 145, 160 [9 Cal.Rptr.2d 910] (". . . a claim is a demand for something as a right or as due"), the City contends the semantic distinction Clayton draws between a "claim" and a "right" is not meaningful. The *Abifadel* case is inapposite, however, because it involved the construction of a "claims made" directors and officers liability insurance policy, not a statute. (*Id.* at p. 159.) The City's reliance on dictionary definitions of the word "claim" is also unavailing.[3] ▮ When interpreting a statute, we do not rely on the dictionary, as "[l]exicographers are not generally the authors of our laws." (*People* v. *Heffner* (1977) 70 Cal.App.3d 643, 651 [139 Cal.Rptr. 45].) Instead, we must keep in mind the statutory purpose and harmonize statutory sections relating to the same subject to the extent possible. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com., supra,* 43 Cal.3d at p. 1387.)

▮ Here, the Legislature enacted section 1255.260 as part of a comprehensive revision and codification of condemnation law. (§ 1230.010 et seq., cited as "the Eminent Domain Law.") Although the Legislature made some important changes to existing law, the bill package reorganized and restated existing law while making numerous minor changes of a technical or corrective nature. (12 Cal. Law Revision Com. Rep. (Dec. 1974) p. 1619.)

---

[3]The City cites to Black's Law Dictionary, defining "claim" as: "[t]o demand as one's own or as one's right; to assert; to urge; to insist . . . . Means by or through which claimant obtains . . . enjoyment of privilege or thing." (Black's Law Dict. (5th ed. 1979) p. 224, col. 2.)

Section 1255.260 restated the substance of subdivision (g) of former section 1243.7, and added the word "claims."[4]

We have located no legislative history defining "claims" as relevant here. The few cases examining section 1255.260 analyze waiver in the context of *substantive* issues. Thus, a condemnee's withdrawal of deposited funds waives any challenge to the right to take (*San Diego Gas & Electric Co.* v. *3250 Corp.* (1988) 205 Cal.App.3d 1075, 1081-1082 [252 Cal.Rptr. 853]), and any claim as to lack of a public purpose (*City of Glendale* v. *Superior Court* (1993) 18 Cal.App.4th 1768, 1774 [23 Cal.Rptr.2d 305]).

The Code of Civil Procedure *procedural* change of venue provisions generally apply to eminent domain proceedings. (§ 1250.040.) The Law Revision Commission Comment to section 1250.040 states section 394 was incorporated by section 1250.040 and acknowledges the court is obligated to transfer the trial upon such motion. (12 Cal. Law Revision Com. Rep., *supra*, at pp. 1754-1755.) Significantly, the purpose underlying the mandatory transfer provision in section 394 " ' "is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds." ' " (*Garrett* v. *Superior Court* (1974) 11 Cal.3d 245, 248 [113 Cal.Rptr. 152, 520 P.2d 968], quoting *Finance & Construction Co.* v. *Sacramento* (1928) 204 Cal. 491, 493 [269 P. 167].) In *Garrett*, the Supreme Court recognized the procedural protection offered by section 394, subdivision (a), applied especially to condemnation actions where a taxpayer who will bear the burden of compensating the owner whose property has been taken, has an interest in *keeping an award* unreasonably low. (*Garrett* v. *Superior Court, supra*, 11 Cal.3d at p. 248.) Consequently, the mandatory transfer provision of section 394 is a procedural due process safeguard designed to guarantee fairness, including ensuring fairness in determining adequate compensation, the remaining issue in this case.

In contrast, section 1255.260 operates to relinquish claims and defenses otherwise available to contest allegations in a condemner's complaint. It is a statutory waiver provision which serves to reduce the right-to-condemn issues to be litigated between the parties, a substantial benefit to the condemner. Similarly, postjudgment withdrawal of the deposit eliminates

---

[4]Former section 1243.7, subdivision (g) stated: "If withdrawn, the receipt of any such money shall constitute a waiver by operation of law of all defenses in favor of the person receiving such payment except his claim for greater compensation. Any amount so paid to any party shall be credited upon the judgment in the eminent domain proceeding." (Stats. 1961, ch. 1613, § 4, p. 3446.)

all issues from a subsequent appeal other than the claim for greater compensation. (See *Regents of University of California* v. *Morris* (1968) 266 Cal.App.2d 616, 625 [72 Cal.Rptr. 406] [decided under former § 1254, subd. (f)].)

The procedural right to transfer is not an issue to be litigated between the parties; rather, it is designed "to obviate the appearance of prejudice as well as actual prejudice or bias." (*City of Alameda* v. *Superior Court* (1974) 42 Cal.App.3d 312, 317 [116 Cal.Rptr. 806].) Mere withdrawal of the deposit of probable compensation does not ensure the nonresident party that the condemner's forum will be neutral on the remaining public compensation issue. By withdrawing the deposit, the defendant benefits the public entity by narrowing the action; however, concern for an uninterested, impartial factfinder remains compelling for the nonresident who chooses to litigate the issue of adequate compensation.

The City cites no authority which would justify denying a condemnee's right to litigate in a neutral forum because it chose to benefit a condemner by relinquishing substantive claims and defenses by withdrawing funds while continuing to seek greater compensation. The City's proposed noncontextual definition of the word "claim" is inimical to the salutary purposes of section 394.

## DISPOSITION

The writ of mandamus is issued. The superior court is directed to vacate its order denying Clayton's motion to transfer this proceeding and to issue a new order granting the motion. Clayton is entitled to costs. The stay issued on June 25, 1998, is dissolved.

Benke, J., and McIntyre, J., concurred.