Christopher G. MICHAELEDES,
Plaintiff,

v.

GOLDEN GATE BRIDGE, HIGHWAY
AND TRANSPORTATION
DISTRICT, Defendant.

No. C00–1723 BZ.

United States District Court,
N.D. California.

May 17, 2002.

Eugene A. Brodsky, Michael C. Miller, Jennifer L. Fiore, Brodsky, Baskin & Miller, San Francisco, CA, for plaintiff.

Rex C. Clack, Paul Gary Sterling, Scot F. Rogers, Sterling & Clack, San Francisco, CA, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

Plaintiff brought this action for injuries allegedly sustained on December 3, 1999, on the vessel M/V DEL NORTE, while he was employed by defendant Golden Gate Bridge, Highway and Transportation District ("District").[1] Defendant has now moved for summary judgment on the tenth and eleventh affirmative defenses in its answer. These defenses assert that plaintiff's claim for unseaworthiness is barred by the California Tort Claims Act, Cal. Gov't Code §§ 810 *et seq.*, which prohibits claims based on common law and claims based on strict liability. Largely undiscussed in defendant's moving papers is why a federal court exercising admiralty jurisdiction should be limited by the provisions of the California Tort Claims Act. In his opposition, plaintiff contends, among other things, that in making this argument, defendant has mistakenly interpreted its sovereign immunity. After reading the reply and raising this issue during oral argument, it appears that defendant's position is that as a "public entity," it is entitled to sovereign immunity. While it has not asserted its Eleventh Amendment immunity and accepts this court's jurisdiction, defendant contends that a federal court must still respect those attributes of sovereignty which defendant possesses, one of which is that it has not consented to be sued in any court except on the terms

---

1. The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

set forth in the California Tort Claims Act.[2]

■ It has long been settled that a federal court exercising admiralty jurisdiction must respect a state's sovereignty. *See In re New York,* 256 U.S. 490, 497–500, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); *Workman v. City of New York,* 179 U.S. 552, 566, 21 S.Ct. 212, 45 L.Ed. 314 (1900). As both those cases noted, not all public entities are possessed of the attributes of sovereignty that the state possesses. Lower courts are to determine a public entity's sovereignty "not by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record." *In re New York,* 256 U.S. at 500, 41 S.Ct. 588. *See also Workman,* 179 U.S. at 570, 573–74, 21 S.Ct. 212 (city is not a sovereign and may be sued in admiralty despite state law holding city immune from such suits). This is in keeping with the general principle that sovereign immunity "bars suits against States but not lesser entities. The immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." *Alden v. Maine,* 527 U.S. 706, 756, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).

■ The Supreme Court recently explored the inquiry that should be conducted to decide whether a public entity is an arm of the state:

> When deciding whether a state instrumentality may invoke the State's immunity, our cases have inquired into the relationship between the State and the entity in question. In making this inquiry, we have sometimes examined 'the essential nature and effect of the proceeding,' and sometimes focused on the 'nature of the entity created by state law' to determine whether it should 'be treated as an arm of the State ....' Of course, the question whether a money judgment against a state instrumentality ... would be enforceable against the State is of considerable importance to any evaluation of the relationship between the State and the entity ... being sued.

*Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429–30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997) (citations omitted). In addition to ascertaining whether a money judgment against the entity would be enforceable against the state, the Ninth Circuit has listed four other factors to examine in determining whether a governmental agency is an arm of the state:

> [1] whether the entity performs central government functions, [2] whether the entity may sue or be sued, [3] whether the entity has the power to take property in its own name or only the name of the state, and [4] the corporate status of the entity.

*Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 201 (9th Cir.1988), *cert. denied,* 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989).[3] Entities similar

---

**2.** Even assuming that the District is a sovereign entitled to assert its immunity, it is not at all clear that the District has effectively done so. *See Demshki v. Monteith,* 255 F.3d 986, 989 (9th Cir.2001) (citations omitted) ("Eleventh Amendment immunity is an affirmative defense ... that must be raised 'early in the proceedings' to provide 'fair warning' to the plaintiff."). Instead of asserting its immunity by making a timely Rule 12(b)(6) motion to dismiss the unseaworthiness claim, the District waited nearly two years, until shortly before trial, to file this motion.

**3.** While *Doe* and *Mitchell* are Eleventh Amendment cases, I can perceive no reason why different standards should be employed to determine whether a governmental entity is an arm of the state for non-Eleventh Amendment purposes, nor has any other standard been suggested.

to the defendant have generally been found not to be a part of a state and unable to invoke the state's sovereign immunity as a defense against maritime tort claims. *See, e.g., Connone v. Transport Desgagnes, Inc.,* 976 F.Supp. 1111, 1112–13 (N.D.Ohio 1997) (county bridge commission) (see cases collected at 1113); *Principe Compania Naviera, S.A. v. Board of Comm'rs,* 333 F.Supp. 353, 354 (E.D.La. 1971) (Board of Commissioners of Port of New Orleans) (see cases collected at 356 n. 10).

 Here defendant has made no legal analysis, let alone introduced any evidence, to assist the court in determining whether it is an entity entitled to sovereign immunity. Instead, it has done what the Supreme Court in *In re New York* cautioned should not be done: it has relied on its "title" or designation as a "public entity" under the California Tort Claims Act. Cal. Gov't Code § 811.2 defines a public entity to include a county and a public corporation, but it is well settled that neither of those entities enjoy sovereign immunity in federal court. *See Alden,* 527 U.S. at 756, 119 S.Ct. 2240 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

The District also relies on a pair of sixty year old cases for the proposition that it has been held to be an agency of the state. *See Comm'r of Internal Revenue v. Harlan,* 80 F.2d 660, 661–62 (9th Cir.1935); *U.S. v. Golden Gate Bridge and Highway Dist.,* 37 F.Supp. 505, 510 (N.D.Cal.1941), *aff'd,* 125 F.2d 872 (9th Cir.), *cert. denied,* 316 U.S. 700, 62 S.Ct. 1298, 86 L.Ed. 1769 (1942). Neither case considered whether the District enjoyed sovereign immunity or conducted the sort of analysis which the Supreme Court requires; instead those cases focused on whether the District performed a governmental function. In fact, in one case, the District itself contended

"that it is not an agency of the State of California" but "an independent corporate body." *U.S. v. Golden Gate Bridge and Highway Dist.,* 37 F.Supp. at 510. Both cases were also decided long before the District's enabling legislation was amended in 1975 to authorize it to engage in such seemingly municipal endeavors as the operation of a local ferry system. *See, e.g.,* Cal. Sts. & High.Code §§ 27530, 27550, 27553.

Plaintiff has introduced a substantial amount of evidence which suggests that the District is not an arm of the state. For example, the District appears to be managed by a Board of Directors composed of appointees of the boards of supervisors of six of the surrounding counties. *See id.,* § 27510. There is no evidence before me on such important matters as who would pay any judgment in this case and whether the state exercises any decision making authority or has any supervisory responsibility for the District.

Finally, the parties point to a series of cases in the Northern District of California that considered the question before me. None of these cases specifically addressed whether the District was an arm of the state entitled to assert its sovereign immunity in federal court. *Dougherty v. Golden Gate Bridge, Highway and Transp. Dist.,* 31 F.Supp.2d 724 (N.D.Cal.1998), denied a similar motion for summary judgment without determining whether the District was an arm of the state. *See id.* at 727 n. 3. *MacLean v. Golden Gate Bridge, Highway and Transp. Dist.,* 1998 WL 827438 (N.D.Cal.1998), *Gutekunst v. Golden Gate Bridge, Highway and Transp. Dist.,* C96–3339 THE (N.D. Cal. April 15, 1998), and *La Pointe v. Golden Gate Bridge, Highway and Transp. Dist.,* 1998 WL 30079 (N.D.Cal.1998), *vacated,* 201 F.3d 444, 1999 WL 1020958 (1999), all read *U.S. v. Golden Gate Bridge* or *Harlan* as holding that the

District is a "public entity" or a "public agency," and assumed without further analysis that the District was therefore a sovereign. *See MacLean,* 1998 WL 827438 at *2; *Gutekunst,* C96–3339 at 2:15–16–3:1; *La Pointe,* 1998 WL 30079 at *2.

Based on the record before me, the District has failed to establish that it is a sovereign which has immunity it can waive. It is therefore **ORDERED** that defendant's motion for partial summary judgment is **DENIED**.